WALDEN, Judge.
- A final judgment awarding compensation to property owners was entered in eminent domain proceedings. The condemning authority appeals.
We are called upon to determine the proper application and effect of section 74.-09/ F.S.1963, F.S.A. as it existed prior to its amendment in 1965. The 1963 section provides:
“74.09 Proceedings as evidence in main suit.
The declaration of taking, the amount of the deposit and the report of the appraisers' appointed by the court, shall not be admissible in evidence in any cause and shall not be exhibited to any jury empaneled for the purpose of assessing the value of any land in condemnation. The appraisers appointed by the court shall be competent witnesses in the cause when said cause is submitted to the jury for the purpose of fixing an award.” (Emphasis added.)
The condemnor filed a declaration of taking and exercised its right to take im-nlediate possession and title to the property in question. This was done prior to trial *37 and judgment as was authorized by chapter 74, F.S.1963, F.S.A. The trial judge tracking the pretrial procedures found in this chapter proceeded to determine the amount of the security deposit to he placed in the registry by the condemnor and, as a part of that undertaking, appointed Mr. E. V. Jackson and another to appraise the property. These appraisers duly functioned and reported their estimated value to the court at a hearing as statutorily provided, and their testimony was transcribed by a court reporter. This supplemental proceeding was completed in due course and without event.
As the date for trial of the main issue approached, the property owners subpoenaed Mr. Jackson to appear and testify on their behalf as an expert witness. They had a right to do this as Mr. Jackson was deemed competent as a witness by the terms of section 74.09, F.S.1963, F.S.A., supra.
Mr. Jackson died prior to trial, and the property owners were permitted, over the condemnor’s objection, to read, into evidence at the trial of the main suit the estimate of value which Mr. Jackson had earlier reported to the court in the supplemental pre-trial proceeding under chapter 74, F.S.1963, F.S.A. We find this act to be a violation of the explicit statutory prohibition found in section 74.09, F.S.1963, F.S.A., supra, and further find that it is of a severity sufficient to require a reversal. "
Whatever the wisdom and possible underlying purpose of this statutory provision, the legislative wish there expressed is clear and unequivocal and counsel and the courts must give heed and effect to it. We have found no exception. Appraisals, estimates and statements of value, garnered under chapter 74, F.S.1963, F.S.A., supra, pretrial taking procedure, have been determined by the courts to be inadmissible in evidence, in the main case. See: Bennett v. Jacksonville Expressway Authority, Fla.1961, 131 So.2d 740, quashing Jacksonville Expressway Authority v. Bennett, Fla.App. 1960, 124 So.2d 307, on other grounds; Jacksonville Expressway Authority v. Bennett, Fla.App.1963, 158 So.2d 821; Bainbridge v. State Road Department, Fla.App.1962, 139 So.2d 714; State ex rel. State Road Dept. v. Wingfield, Fla.App.1958, 101 So.2d 184.
The property owners urge that the statute in' question applies only to the appraiser’s written report. They say that the oral report is without the statutory bounds so that it should be treated simply as a run of the mill deposition as where the matter is noticed with the witness testifying under oath and with the opposite side having the' opportunity to cross examine. We reject this thesis.
Sections 74.03 and 74.04, F.S.1963, F.S.A., provide for the appointment of the appraisers and the method whereby their reports are returned to the court. Our review of these sections leaves us with the firm impression that they, contemplate the filing of a written report by the appraisers, together with the presentment of ’Oral testimony as to it. In this light, we hold that the words, “report of the appraisers”, found in section 74.09, F.S.1963, F.S.A., mean, in sum, the .appraiser’s expressed opinion of, the land’s value and that same may be ex-' pressed orally, in writing or both ways and in. all such events the appraiser’s expressions of value are included within .the statutory bar. To adopt the property owners’ argument would be, in effect, to repeal the provisions of section 74.09, F.S. 1963, F.S.A., supra, as the property owner could simply avoid the provision by appearing at the appraisers’ hearing and orally asking them for their opinion as to the. value of the property sought to be condemned.
Travelling further, the condemnor did not have, in our opinion, such right of cross-examination as ' would qualify the testimonial report of the appraiser as a deposition. The condemnor was not on notice that the testimony would be used at trial. To the contrary, it was on notice *38 as a matter of statute law that the report could not be so used. Also, the report was elicited as an aid to the court in determining the amount of the security deposit to be required, and the amount of this deposit was in nowise material or determinative of the jury’s ultimate award. As reflected in section 74.07, F.S.1963, F.S.A., an under or over payment of the deposit is adjusted to coincide with the jury’s ultimate award. In this light, a condemnor would not be under any, or certainly not the same, compulsion to examine or challenge the testimony of the appraiser as it would be at the main suit trial where the amount of money to be paid over is decided.
In addressing ourselves to this problem, we observe, as a matter of hindsight, that the property owners could have taken the deposition of Mr. Jackson as an expert witness in accordance with the formalities prescribed by the Florida Rules of Civil Procedure, 30 F.S.A. In so doing, his testimony would have been properly and effectively preserved for use at the main trial, with the only limitation being that set forth in section 74.09 F.S.1963, F.S.A., supra, — they could not elicit Mr. Jackson’s pre-trial report to the court. In other words, they could have obtained, in this fashion, his independent appraisal— his appraisal rendered without reference to his court appointed function, the mention of which might tend to give it special weight and credence.
Is the error harmful ? We think so. Mr. Jackson’s valuation was $17,525.00. The condemnor’s appraiser testified to a valuation of $13,400.00. These were the only two expert appraisal figures before the jury. The jury returned a verdict in the sum of $16,000.00. Thus, the award was $2,565.00 in excess of the only legitimate appraisal figure, indicating that Mr. Jackson’s appraisal had been considered and used by the jury. Because of this overage which has no proper support in the record, we feel that the matter should be re-tried.
The other points raised by these litigants have been considered, and it is believed that they are without merit and not such as would require comment by this court.
Reversed.
ANDREWS, Acting C. J., and GONZALEZ, JOSE A., Jr., Associate Judge, concur.