ROBERTS, Justice.
We here review by conflict certiorari a decision of the District Court of Appeal, Fourth District, reversing the judgment of the trial court and remanding for new trial in a condemnation case, and also allowing an attorney’s fee of $300.00 to counsel for the owner-respondent in the case.
We have jurisdiction under Section 4(2), Article V, Constitution of Florida, F.S.A.
Petitioners filed eminent domain proceeding in Broward County for condemnation of property owned by certain respondents, and ancillary to that proceeding made application for a declaration of taking in order that the construction work might begin immediately. As provided in Section 74.03, Florida Statutes 1963, F.S.A., the trial court appointed one E. V. Jackson and another, as appraisers, to make a preliminary determination of the value of the property. At the preliminary hearing the appraisers filed their report and were cross-examined by all parties present for the purpose of making a tentative determination of the fair market value of the property taken. Pursuant to Section 74.09, Florida Statutes, F.S.A., the owners intended using witness Jackson as an expert witness at the trial of the condemnation proceeding, but the subpoena requiring his appearance at the trial was returned unserved because he had died shortly prior to the trial date. A more detailed historical background and disposition at the trial and district court levels are reported in State Road Department v. Levato, Fla.App., 192 So.2d 35, and it would serve no useful purpose to repeat such here.
As a result of the petition and cross-petition we are confronted with two questions :—
1. Is a condemnee-appellee entitled to an attorney’s fee for services of con-demnee’s attorney rendered in an appeal where the condemnor was the successful appellant?
2. Did the trial court properly admit the sworn testimony of E. V. Jackson into evidence during the trial of the cause?
At the trial, since witness Jackson could not be present because of his death, the court admitted over objection of petitioner-Road Department a transcript of the examination and cross-examination of Jackson made at the preliminary proceeding. At *716 the trial the transcript of Jackson’s testimony established a valuation by him of $17,525.00, and the condemnor’s appraiser testified to a valuation of $13,400.00. These were the only two expert appraisals before the jury which returned a verdict in the sum of $16,000.00, $1525.00 less than the Jackson and $2600.00 more than the con-demnor appraisal. The district court reversed the judgment, holding that admission of the transcript of Jackson’s testimony taken at the preliminary hearing was improper and that harmful error had been committed by the trial court in receiving it.
In this posture we shall first consider the second question concerning the admissibility of the Jackson transcript. Our attention is directed to Section 74.09, Florida Statutes 1963, F.S.A. as it existed prior to its amendment in 1965. The 1963 statute provides :—
“The declaration of taking, the amount of the deposit and the report of the appraisers appointed by the comt, shall not be admissible in evidence in any cause and shall not be exhibited to any jury empaneled for the purpose of assessing the value of any land in condemnation. The appraisers appointed by the court shall be competent witnesses in the cause when said cause is submitted to the jury for the purpose of fixing an award.” (Emphasis supplied.)
In applying the statute the district court said:—
“Mr. Jackson died prior to trial, and the property owners were permitted, over the condemnor’s objection, to read into evidence at the trial of the main suit the estimate of value which Mr. Jackson had earlier reported to the court in the supplemental pre-trial proceeding under chapter 74, F.S.1963, F.S.A. We find this act to be a violation of the explicit statutory prohibition found in section 74.09, F.S. 1963, F.S.A., supra, and further find that it is of a severity sufficient to require a reversal.
“Whatever the wisdom and possible underlying purpose of this statutory provision, the legislative wish there expressed is clear and unequivocal and counsel and the courts must give heed and effect to it. We have found no exception. Appraisals, estimates and statements of value, garnered under chapter 74, F.S.1963, F.S.A., supra, pre-trial taking procedure, have been determined by the courts to be inadmissible in evidence in the main case. * * *
“The property owners urge that the statute in question applies only to the appraiser’s written report. They say that the oral report is without the statutory bounds so that it should be treated simply as a run of the mill deposition as where the matter is noticed with the witness testifying under oath and with the opposite side having the opportunity to cross examine. We reject this thesis.”
The district court was eminently correct, and its opinion is adopted as the decision of this court.
We come next to the allowance, vel non, of an attorney’s fee in the district court for services rendered in that court by counsel for the owners in an appeal where the condemnor was the successful appellant. Section 73.131, Florida Statutes, F.S.A., among other things, says:—
“ * * *
The petitioner shall pay all reasonable costs of the proceedings in the appellate court, including a reasonable attorney’s fee to be assessed by that court, except upon an appeal taken by a defendant in which the judgment of the trial court shall be affirmed.”
This statute was obviously passed by the Legislature as an implementation of Section 12, Declaration of Rights, Constitution of Florida, which says, among other things
“ * * * [n]o person shall be * * * deprived of life, liberty, or property, without due process of law; nor shall private *717 property be taken without just compensation * * * (Emphasis supplied.)
The language of the statute is clear and the district court operated within its orbit in allowing compensation to the attorney for the owner in defending the judgment of the lower court even though such appeal resulted in a reversal. The Legislature provided one exception to the rule of payment and that is where an appeal is taken by a defendant in which the judgment of the trial court is affirmed, but this exception does not apply to the facts in this case.
For the reasons stated, the decision of the district court of appeal was correct on both questions, and no harmful error appearing, the writ of certiorari heretofore issued in this cause is discharged.
It is so ordered.
THORNAL, C. J., and THOMAS, CALDWELL and ERVIN, JJ., concur.