Randy Miller Executive Director Department of Revenue Tallahassee
QUESTION:
Are tax liens created by the recording of a warrant issued by the Department of Revenue pursuant to ss. 199.262(1) and 212.15(3), F. S. (1978 Supp.), governed by the limitation provisions of s. 95.11
or by s. 95.091, F. S.?
SUMMARY:
Tax liens created by the recording of warrants issued by the Department of Revenue pursuant to ss. 199.262(1) and 212.15(3), F. S. (1978 Supp.), are governed by the limitation provisions of s.95.091, F. S. Such liens, therefore, expire at the end of 5 years after the date the tax is assessed or becomes delinquent, whichever is later, and no action may be begun to collect any tax after the expiration of the lien securing the payment of the tax.
In light of the following reasons, it is evident that the limitation provisions of s. 95.091, F. S., govern such liens.
Section 95.091, F. S., places a limitation on actions to collect taxes. It provides, in part:
95.091 Limitations on actions to collect taxes. —
 (1) Except in the case of taxes for which certificates have been sold or of taxes levied under chapters 198 and 220, any tax lien granted by law to the state or any of its political subdivisions, any municipality, any public corporation or body politic, or any other entity having authority to levy and collect taxes shall expire 5 years after the date the tax is assessed or becomes delinquent, whichever is later. No action may be begun to collect any tax after the expiration of the lien securing the payment of the tax.
A general and well-recognized rule of statutory construction is that the mention of one thing in a statute implies the exclusion of another — expressio unius est exclusio alterius. Thayer v. State, 335 So.2d 815, 817 (Fla. 1976); Dobbs v. Sea Isle Hotel,56 So.2d 341 (Fla. 1952); and Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944). The maxim also applies to statutes which expressly enumerate exceptions. `The enumeration of exclusions from the operation of a statute indicates that it should apply to all cases not specifically excluded.' 2ASutherland Statutory Construction, s. 47.23 (C. Sands 4th Rev. ed. 1972). When a statute contains express exceptions, there is a strong inference that no other exceptions were intended and that exceptions will not be implied where the words of a statute are unambiguous. Biddle v. State Beverage Department, 187 So.2d 65 (1 D.C.A. Fla., 1966), and State Road Department v. Levato,192 So.2d 35 (1 D.C.A. Fla., 1966), cert. discharged 199 So.2d 714. Exceptions or provisos in statutes are to be strictly construed. Coe v. Broward County, 327 So.2d 69 (4 D.C.A. Fla., 1976), aff'd341 So.2d 762 (Fla. 1976): Farrey v. Bettendorf, 96 So.2d 889
(Fla. 1957).
Section 95.091(1), F. S., enumerates two exceptions from the applicability of its provisions — Chs. 198 and 220, F. S. Since ss.199.262(1) and 212.15(3), F. S. (1978 Supp.), are not included within these exceptions, they come under the scope of s. 95.091.
Section 95.011, F. S., states:
 95.011 Applicability. — A civil action or proceeding, called `action' in this chapter, including one brought by the state, a public officer, a political subdivision of the state, a municipality, a public corporation or body corporate, or any agency or officer of any of them, or any other governmental authority, shall be barred unless begun within the time prescribed in this chapter or, if a different time is prescribed elsewhere in these statutes, within the time prescribed elsewhere. (Emphasis supplied.)
This general `applicability' statute leaves the prescription of limitations to specific statutes.
Another general rule of statutory construction states, `. . . a statute dealing specifically with a subject takes precedence over another statute covering the same subject in general terms.' State v. Young, 357 So.2d 416, 417 (2 D.C.A. Fla., 1978), and Adams v. Culver, 111 So.2d 665 (Fla. 1959). Neither s. 199.262(1) nor s.212.15(3), F. S. (1978 Supp.), purports to prescribe any limitation on `the amount of the warrant,' the `lien' imposed by said sections, or its expiration. Both ss. 95.11 and 95.091, F. S., are statutes of limitation. Since s. 95.091 specifically deals with `any tax lien granted by law,' it controls over s. 95.11 in regard to tax liens created by the recording of warrants issued by the Department of Revenue.
Your letter points out the language found in ss. 199.262(1) and212.15(3), F. S. (1978 Supp.), which refers to `the amount of such warrant' and `the amount of the warrant,' respectively, `becom[ing] a lien' on the taxpayer's real or personal property in the same manner as recorded judgments. While s. 95.11(1), F. S., concerns limitation of actions on judgments in actions other than for recovery of real property, it does not prescribe any limitation on tax liens or the expiration of such liens and does not control here. While a lien created by the recording of a warrant may become a lien in the same manner as a recorded judgment, the warrant itself or `the amount of such warrant' does not constitute a judgment or a judgment lien.
Section 95.091(1), F. S., does prescribe limitations on tax liens and the expiration of such liens: `No action may be begun to collect any tax after the expiration of the lien securing payment of the tax.'
In conclusion, therefore, I am of the opinion that tax liens created by the recording of warrants issued by the Department of Revenue pursuant to ss. 199.262(1) and 212.15(3), F. S. (1978 Supp.), are governed by the limitation provisions of s. 95.091, F. S. Such liens, therefore, expire at the end of 5 years after the date the tax is assessed or becomes delinquent, whichever is later, and no action may be begun to collect any tax after the expiration of the lien securing the payment of the tax.
Prepared by:
Barbara Staros Harmon Assistant Attorney General