Mr. Paul N. Pappas Secretary Department of Transportation 605 Suwannee Street Tallahassee, Florida 32301-8064
Dear Mr. Pappas:
This is in response to your request for an opinion on the following question:
 DOES THE PROHIBITION IN CH. 83-188, LAWS OF FLORIDA, AGAINST A GOLF CART BEING OPERATED ON "ANY PART OF THE STATE HIGHWAY SYSTEM" PRECLUDE GOLF CARTS CROSSING A STATE ROAD AT A CONTROLLED INTERSECTION OF A CITY STREET AND A STATE ROAD?
According to your letter, U.S. Alternate 19 runs along the western boundary of the Dunedin Golf Course and physically separates the golf course from a significant number of golf course members who live to the west of U.S. Alternate 19. You state that U.S. Alternate 19 intersects with a city street, Palm Boulevard, at a controlled intersection. A question has been raised as to whether recent legislation prohibiting the operation of golf carts on the state highway system is applicable to a golf cart traveling on a designated city street which intersects with a road on the state highway system.
Section 316.212, F.S. 1983, as adopted by s 2, Ch. 83-188, Laws of Florida, provides in pertinent part:
 The operation of a golf cart upon the public roads or streets of this state is prohibited except as provided herein.
 (a) A golf cart may not be operated on any part of the state highway system;
 (b) A golf cart may be operated only upon a county road or city street which has been designated by a county or a city for use by golf carts . . . .
See, s 316.003(70), F.S. 1983 (s 1, Ch. 83-188, Laws of Florida), which defines "golf cart" for purposes of Ch. 316, F.S., the Uniform Traffic Control Law, to mean "a motor vehicle designed and manufactured for operation on a golf course for sporting or recreational purposes." See also, s 320.01(29), F.S. 1983 (s 3, Ch. 83-188, Laws of Florida), which similarly defines "golf cart" as used in the Florida Statutes except as otherwise provided.
You specifically refer to U.S. Alternate 19 as a "state road." See, s 334.03(11), F.S., which defines "state road" for purposes of the Florida Transportation Code, Chs. 334-339 and 341, F.S., as all streets, roads, highways and other public ways open to travel by the public generally and dedicated to the public use and designated by the Department of Transportation as part of the state highway system, "including the roadbed, right-of-way, embankments, slopes, retaining walls, sidewalks, bridges, tunnels and viaducts necessary for the maintenance of travel thereon and all ferries in connection therewith." And see, s 334.03(22), F.S. as amended by s 1, Ch. 83-52, Laws of Florida, which defines the state highway system. Compare, s 334.01(23) and (24), F.S., which respectively defines the county road system and the city road system. See also, s 334.03(9), F.S., which defines "right-of-way" as land which the state, the Department of Transportation, a county or a municipality owns the fee or has an easement devoted to or required for the use as a public road. Thus not only the roadbed but that land within the right-of-way of U.S. Alternate 19 is a part of the state road and of the state highway system. I am not aware of any provision of law which would exclude that portion of a state road which intersects with a county or city road from the state highway system, nor has any such provision been brought to the attention of this office. Moreover, I have been informed by your department that the Department of Transportation maintains the roadbed and right-of-way of U.S. Alternate 19 extending across this intersection (the maintenance of the traffic signal at the intersection is maintained by the city under an agreement with the department).
Subsection (a) of s 316.212, F.S.983, expressly provides that a golf cart may not be operated on any part of the state highway system. Cf., 3A C.J.S. Any p. 899 et seq. (word applies to every individual part without distinction; when appropriate to the context, "any" has been held to mean "any and all," "all or every," "each"). Section 316.212 generally prohibits the operation of a golf cart on the public roads and streets of this state except as provided therein. The statute, however, makes no exception for controlled intersections. See, State v. Nourse,340 So.2d 966 (3 D.C.A.Fla., 1976) (any statutory exception to general prohibition is normally construed strictly against one attempting to take advantage of exception and unless right to exception is clearly apparent in statute, no benefits thereunder will be permitted); Biddle v. State Beverage Department, 187 So.2d 65 (4 D.C.A.Fla., 1966), cert. dismissed, 194 So.2d 623 (Fla. 1966); State Road Department v. Levato, 192 So.2d 35 (4 D.C.A.Fla., 1966), cert. discharged, 199 So.2d 714 (Fla. 1967) (express exceptions made in statute give rise to strong inference that no other exceptions are intended, and exceptions will not be implied where words of statute are free from ambiguity). Cf., Thayer v. State, 335 So.2d 815 (Fla. 1976) (mention of one thing in statute implies exclusion of another — "expressio unius est exclusio alterius"); Florida Legal Services, Inc. v. State, 381 So.2d 1120
(1 D.C.A.Fla., 1979) (where Legislature creates specific exceptions to language in a statute, rule "expressio unius est exclusio alterius" may be applied to infer that had Legislature intended to establish other exceptions it would have done so clearly and unequivocally); AGO 74-225 (tractors operating on seaport property between leased storage lots and the dockside which must cross a public thoroughfare are subject to the safety equipment requirements of Ch. 316, F.S.; Ch. 316 contains no exemptions relevant to such tractors nor provides for administratively determined exemptions from safety equipment requirements).
Therefore, based upon the foregoing and in light of the express language of s 316.212, F.S. 1983, prohibiting the operation of golf carts on any part of the state highway system, I am of the opinion, until and unless judicially or legislatively determined to the contrary, that a golf cart may not cross a state road at a controlled intersection of a city street and a state road.
Sincerely
Jim Smith Attorney General
Prepared by: Joslyn Wilson,, Assistant Attorney General