The Honorable Fred Roche Secretary Department of Professional Regulation 130 North Monroe Street Tallahassee, Florida 32301
Dear Secretary Roche:
This is in response to your request for an opinion on substantially the following question:
 DOES CH. 475, F.S., APPLY TO A WHOLLY OWNED SUBSIDIARY CORPORATION OR ITS SALARIED EMPLOYEES WHEN SUCH CORPORATION SELLS PROPERTIES OWNED BY AND TITLED IN THE SUBSIDIARY'S PARENT CORPORATION?
You state that this question has arisen in the context of a savings and loan bank which has formed a subsidiary corporation for the purpose of selling properties foreclosed by the parent corporation. In view of the exemption provided certain persons and entities under s. 475.011(2), F.S., you inquire as to the applicability of this exemption to such circumstances.
Chapter 475, F.S., relates to real estate brokers, salesmen, and real estate schools, and sets forth certain regulatory requirements and prohibited activities to be administered and enforced by the Florida Real Estate Commission within the Department of Professional Regulation. See, s. 475.001, F.S., providing that "the Legislature deems it necessary in the interest of the public welfare to regulate real estate brokers, salesmen, and schools in this state." And see, s. 475.42, F.S., establishing violations of the requirements of Ch. 475 and providing penalties therefor.
Section 475.42(1)(a), F.S., provides that "[n]o person shall operate as a broker or salesman without being the holder of a valid and current license therefor." See also, s. 475.01(1)(c) and (d), F.S., respectively defining "broker" as, inter alia, "a person who, for another, and for a compensation or valuable consideration . . . appraises, auctions, sells, exchanges, buys, rents, or offers, attempts or agrees to appraise, auction, or negotiate the sale, exchange, purchase, or rental of . . . any real property" (e.s.); and defining "salesman" as "a person who performs any act specified in the definition of `broker,' but who performs such act under the direction, control, or management of another person." However, s. 475.011(2), F.S., states that Ch. 475 does not apply to
 [a]ny individual, corporation, partnership, trust, joint venture, or other entity which sells, exchanges, or leases its own real property; however, this exemption shall not be available if and to the extent that an agent, employee, or independent contractor paid a commission or other compensation strictly on a transactional basis is employed to make sales, exchanges, or leases to or with customers in the ordinary course of an owner's business of selling, exchanging, or leasing real property to the public; . . . . (e.s.)
By its terms, this exemption from the operation of the requirements of Ch. 475, F.S., extends to an "individual, corporation . . . or other entity which sells, exchanges, or leases its own real property," and further provides an exception to the exemption not pertinent to your inquiry. It does not appear to apply or extend to a corporation which sells, exchanges, or leases real property the title to which is held by a separate corporation. See, Thayer v. State, 335 So.2d 815 (Fla. 1976); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); and Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944), holding the express mention of one thing in a statute implies the exclusion of things not mentioned — expressio unius est exclusio alterius. This maxim also applies to statutes which expressly enumerate exceptions. "The enumeration of exclusions from the operation of a statute indicates that the statute should apply to all cases not specifically excluded." 2A Sutherland Statutory Construction, s. 47.23 (Sands, 4th Rev. ed. 1984). When a statute contains express exceptions, there is a strong inference that no other exceptions were intended and that exceptions will not be implied where the words of a statute are unambiguous. Biddle v. State Beverage Department, 187 So.2d 65 (4 D.C.A. Fla., 1966); State Road Department v. Levato, 192 So.2d 35 (4 D.C.A. Fla., 1966), cert. discharged, 199 So.2d 714 (Fla. 1967). Exceptions or provisos in statutes are to be strictly construed. State v. Nourse, 340 So.2d 966 (3 D.C.A. Fla., 1976); Coe v. Broward County, 327 So.2d 69 (4 D.C.A. Fla., 1976), aff'd, 341 So.2d 762
(Fla. 1976); Farrey v. Bettendorf, 96 So.2d 889 (Fla. 1957).
Accordingly, unless and until the Legislature acts to specifically include within the terms of the exemption provided in s.475.011(2), F.S., such subsidiary corporations as are formed for the purpose of selling properties title to which is held by the parent corporation, I am of the view that Ch. 475, F.S., applies to a wholly owned subsidiary corporation or its salaried employees when such corporation sells properties owned by and titled in the subsidiary's parent corporation. See also, s. 475.43, F.S., providing in pertinent part that it shall be presumed that a party was acting or attempting to act as a broker or salesman in all cases pursuant to Ch. 475 if the party has sold, leased, or let real estate, "the title to which was not in him when it was offered for sale, lease, or letting. . . ."
In sum, then, and unless and until legislatively or judicially determined otherwise, it is my opinion that Ch. 475, F.S., applies to a wholly owned subsidiary corportion or its salaried employees when such corporation sells properties owned by and titled in the subsidiary's parent corporation.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General