To: Margaret M. Gentle Mayor City of North Port
QUESTION:
In the event of a conflict, does the Life Safety Code as adopted by the State Fire Marshal take precedence over the Standard Building Code?
SUMMARY:
Unless judicially or legislatively determined otherwise, the fire safety standards as set forth in the State Minimum Building Codes adopted pursuant to s. 553.73, F.S., as amended by s. 33, ch. 86-191, Laws of Florida, may not be superseded or supplemented except as enumerated in s. 553.73(3), F.S., and s. 633.05(8), F.S. However, since the Standard Building Code expressly and explicitly excludes those provisions pertaining to fire prevention from adoption by a municipality pursuant to s. 553.73(2)(a), as amended, any provisions adopted by a municipality relating to fire prevention would be pursuant to its police power rather than pursuant to s. 553.73(2)(a). Accordingly, in such municipalities which have adopted the Standard Building Code, the rules of the State Fire Marshal including the Life Safety Code would apply as minimum firesafety standards to all occupancies except those which the Legislature has designated as subject to uniform fire safety standards. To the extent that a municipality, which has adopted the Standard Building Code, may have enacted under its police power more stringent standards pertaining to fire protection than those contained in the Life Safety Code with regard to those buildings, structures and other entities not designated by the Legislature as subject to uniform fire safety standards, the more stringent standards should prevail.
In AGO 86-60, I concluded that although a municipality is not required to adopt the Life Safety Code, to the extent that such code has been adopted by the State Fire Marshal pursuant to his rulemaking authority, such code has the force and effect of an ordinance of such a municipality. It was further noted that the Life Safety Code and the Standard Building Code operate in two fields, i.e., fire safety and building safety; however, in the event a municipality may have enacted under its police power a more stringent provision than that provided in either code, the more stringent standard should prevail. The foregoing conclusion was based upon the interrelation of ch. 633, F.S., governing fire prevention and control generally, and part VI of ch. 553, F.S., especially s. 553.73, F.S., establishing the State Minimum Building Codes.
It has come to the attention of this office that the 1986 Legislature amended s. 553.73, F.S., in the Florida Growth Management Act, CS for CS for SB978, designated as ch. 86-191, Laws of Florida. Moreover, the State Fire Marshal has amended the Florida Administrative Code to adopt the 1985 edition of the Life Safety Code as a part of the minimum and uniform fire safety standards of this state. See Rule 4A-3.012, F.A.C., and Rule 4A-28.015, F.A.C. In light of the foregoing, it becomes necessary to reconsider the first question raised in AGO 86-60. To the extent of any conflict therewith, this opinion should be considered as modifying and superseding that opinion.
Section 33, ch. 86-191, Laws of Florida, amending s. 553.73, F.S., deletes the National Building Code, 1976 edition, from the list of State Minimum Building Codes from which each local government and state agency with building construction regulation responsibilities must adopt one as its building code. In addition, s. 553.73(2)(a), F.S., in listing the Standard Building Code as one of the State Minimum Building Codes, now refers to the "Standard Building Codes, 1985 edition, with 1986 accumulated revisions, pertaining to building, plumbing, mechanical, and gas, and excluding fire prevention." (Emphasis supplied.) I have determined that ss. 101.3(a), 101.3(b) and 103.6, Standard Building Code, 1982 edition, discussed in AGO 86-60, have been renumbered as ss. 101.3.1, 101.3.2, and 102.6 respectively, Standard Building Code, 1985 edition and are substantially identical. Subsection (8) of s. 553.73, created by s. 33, ch. 86-191, supra, provides that "[t]he fire safety standards as enumerated in the State Minimum Building Codes adopted pursuant to this section shall not be superseded or supplemented except as enumerated in subsection (3) and s. 633.05(8)." (Emphasis supplied.) Pursuant to s. 553.73(3), after January 1, 1978, local governments and state agencies with building construction regulation responsibilities are authorized to mandate more stringent requirements than those set forth in the State Minimum Building Codes, provided that:
 (a) There is a determination by the local governing body of a need to strengthen the requirements of the State Minimum Building Codes adopted by such governing body, based upon demonstrations by the local governing body that local conditions justify more stringent requirements than those specified therein, for the protection of life and property; and
 (b) Such additional requirements are not discriminatory against materials, products, or construction techniques of demonstrated capabilities. (Emphasis supplied.)
See also s. 553.79(4), F.S., providing that after the effective date of the adoption of the State Minimum Building Codes pursuant to part VI of ch. 553, F.S., local governments may modify their respective codes to require more stringent standards than those specified in the State Minimum Building Codes, on the condition that the provisions of s. 553.73(3), supra, are met.
As noted, supra, the State Fire Marshal has adopted the Life Safety Code as a part of the minimum and uniform fire safety standards of this state. The provisions of the Life Safety Code, 1981 edition, specifically referenced to and discussed in AGO 86-60, are unchanged in the Life Safety Code, 1985 edition. As discussed in AGO 86-60, s. 633.05(8), F.S., as amended by s. 2, ch. 86-87, Laws of Florida, effective October 1, 1986, authorizes the State Fire Marshal to establish, revise and republish uniform firesafety standards for state-owned and state-leased buildings, all hospitals, nursing homes, adult congregate living facilities, correctional facilities, public schools, public lodging establishments, public food-service establishments, elevators, migrant labor camps, mobile home parks, recreational vehicle parks, residential and nonresidential child care facilities, and self-service gasoline stations. The terms "uniform firesafety standard" or "uniform fire prevention code" are defined in Rule 4A-3.009(16), F.A.C., to mean
 that the requirements in the standard or code as adopted by the State Fire Marshal shall be the uniform requirements for those occupancies required by the Legislature to meet uniform fire safety standards. Local jurisdictions are preempted from and shall not impose any more stringent requirements and shall not permit or enact or allow any occupancy to meet any requirement less stringent than that imposed by the State Fire Marshal's uniform standard or code.
In addition, the State Fire Marshal has adopted minimum firesafety standards for all occupancies which are not required to meet the uniform fire safety standards. Pursuant to Rule 4A-3.009(4), F.A.C., the terms "Minimum Firesafety Standard" or "Minimum Fire Prevention Code" are defined to mean:
 [T]hat the requirements in the standard or code as adopted by the State Fire Marshal shall be the minimum requirements for the state and that all occupancies covered by that standard or code must meet at least those requirements. Local jurisdictions are free to impose more stringent requirements but shall not permit or enact or otherwise allow any occupancy to meet any requirement less stringent than that imposed by the State Fire Marshal's minimum standard or code. All occupancies which are not required by the Legislature to meet uniform fire safety standards shall meet the minimum fire safety standards adopted by the State Fire Marshal. (Emphasis supplied.)
See Rule 4A-3.009(6), F.A.C., defining the term "[o]ccupancy" to mean "the purpose for which a building or portion thereof is used or intended to be used." See also Rule 4A-3.002, F.A.C., setting forth the application of the rules. And see Rule 4A-3.002(4), F.A.C., stating that "[t]he Rules of the State Fire Marshal, with referenced and adopted standards therein, are applicable as Minimum Fire Safety Standards to all occupancies, except for those which the Legislature has designated as subject to uniform fire safety standards." As statutory authority therefor, the foregoing rules refer to ss. 633.05 and 633.051, F.S. See, e.g., s. 633.05(1), F.S., granting to the State Fire Marshal the authority to promulgate rules and regulations for the prevention of fires and s. 633.051(1), F.S., directing that the regulations authorized in s. 633.05, F.S., shall be such as are "reasonably necessary for the protection of the health, welfare and safety of the public. . . ."
A question has been raised regarding the authority of the State Fire Marshal to adopt the Minimum Fire Safety Standards. However, rules of the State Fire Marshal are presumptively valid and this office has no authority to declare otherwise; rather, this office must presume the validity of such rules until a court of competent jurisdiction declares otherwise. See AGO's 85-81, 82-4, 79-46 and 76-185. Cf. Department of Professional Regulation, Board of Medical Examiners v. Durrani, 455 So.2d 515 (1 D.C.A.Fla., 1984). Florida Citrus Commission v. Golden Gift, 91 So.2d 657 (Fla. 1956). See generally 1 Fla.Jur.2d Administrative Law s. 57; 73 C.J.S. Public Administrative Law and Procedure s. 93.
Section 33, ch. 86-191, Laws of Florida, inter alia, updates the State Minimum Building Codes to include the 1985 edition of the Standard Building Code with 1986 accumulated revisions, "pertaining to building, plumbing, mechanical, and gas, and excluding fire prevention" (Emphasis supplied.), thus continuing to exclude those provisions of the Standard Building Code relating to fire prevention from adoption by local governments and state agencies with building construction regulation responsibilities when complying with the provisions of s. 553.73(2), F.S. While I am aware that new subsection (8) of s. 553.73, F.S., directs that the "fire safety standards" as provided in the State Minimum Building Codes shall not be superseded or supplemented except as enumerated in ss. 553.73(3) and 663.05(8), F.S. (Emphasis supplied.), the Standard Building Code, 1985 edition, itself makes no distinction between the terms "fire prevention" and "fire safety." Nor can I discern a legislative intent that such terms be construed other than synonymously for purposes of s. 553.73. See s. 553.73(6) stating that a municipality, county, or state agency may divide the State Minimum Building Codes into segments identified as building, mechanical, electrical, plumbing, or fire prevention codes or by other titles as are deemed proper. See also s. 553.74(1)(e), F.S., which provides that one member of the Board of Building Codes and Standards must be "from fire protection engineering or technology." (Emphasis supplied.) Cf. ss. 633.05(1), and 633.051(1), F.S., supra. Part VI of ch. 553, F.S., also expresses a legislative intent that its purpose is for the protection of public safety, health and general welfare. It is an established maxim of statutory construction that statutes which are enacted for the public benefit should be construed most favorably to the public. Vocelle v. Knight Brothers Paper Company,118 So.2d 664 (1 D.C.A.Fla., 1960); Board of Public Instruction of Broward County v. Doran, 224 *2256 So.2d 693 (Fla. 1969). See generally 49 Fla.Jur.2d Statutes s. 189; 73 Am.Jur.2d Statutes s. 282; 3 Sutherland Statutory Construction s. 71.04. And see Sunshine State News Company v. State, 121 So.2d 705 (3 D.C.A.Fla., 1960); Devin v. City of Hollywood, 351 So.2d 1022 (4 D.C.A.Fla., 1976) (uncertainty as to legislative intent should be resolved by interpretation which best accords with public benefits). A construction which differentiates between the terms "fire safety" and "fire prevention" for purposes of part VI would, in my opinion, operate to make construction and application of part VI unduly complex.
As discussed in AGO 86-60, s. 633.15, F.S., provides that "[t]his law, and all regulations prescribed by the State Fire Marshal hereunder, shall have the same force and effect in each and every incorporated town or city, as the ordinances of such respective municipalities, and shall be enforceable in the county courts in the same manner as such ordinances." The violation of any provision of ch. 633, F.S., or any order, rule or regulation of the State Fire Marshal is declared to be a misdemeanor of the second degree. See s. 633.171(1), F.S. While s. 633.15 mandates that ch. 633 and all regulations promulgated thereunder by the State Fire Marshal have the force and effect of ordinances in all incorporated towns or cities, s. 553.73(8) enjoins the superseding or supplementing of the fire safety standards enumerated in the State Minimum Building Codes adopted pursuant to s. 553.73, with two exceptions. See Rule 4A-3.009(4), F.A.C., supra, directing that all occupancies which are not required by the Legislature to meet uniform fire safety standards must meet the minimum fire safety standards adopted by the State Fire Marshal. It is axiomatic that where conflicting provisions appear in different statutes, the last expression of legislative will is the law. Sharer v. Hotel Corporation of America, 144 So.2d 813 (Fla. 1962); Kiesel v. Graham, 388 So.2d 594 (1 D.C.A.Fla., 1980) petition for review denied, 397 So.2d 778 (Fla. 1981); Department of Health and Rehabilitative Services v. American Healthcorp of Vero Beach, Inc., 471 So.2d 1312 (1 D.C.A.Fla., 1985). As noted, supra, subsection (8) of s. 553.73 was adopted during the 1986 legislative session by s. 33, ch. 86-191, Laws of Florida; s.633.15, F.S., was last amended by the Legislature in 1977, see ch. 77-119, Laws of Florida. Since s. 553.73(8), F.S., constitutes the last expression of legislative will, I must conclude that to the extent of any conflict between the two statutes the provisions of s. 553.73(8) prevail over s. 633.15. Accordingly, I am of the opinion that the fire safety standards as set forth in the State Minimum Building Codes adopted pursuant to s. 553.73, F.S., as amended by s. 33, ch. 86-191, Laws of Florida, supra, may not be superseded or supplemented except as enumerated in s. 553.73(3), F.S., and s. 633.05(8), F.S., supra. See Williams v. American Surety Company of New York, 99 So.2d 877 (2 D.C.A.Fla., 1958) (where statute sets forth exceptions, no others may be implied to be intended). See also State Road Department v. Levato,192 So.2d 35 (4 D.C.A.Fla., 1966), cert. discharged, 199 So.2d 714
(Fla. 1967); Biddle v. State Beverage Department, 187 So.2d 65 (4 D.C.A.Fla., 1966), cert. dismissed, 194 So.2d 623 (Fla. 1966); State v. Nourse, 340 So.2d 966 (3 D.C.A.Fla., 1976) (exceptions or provisos in statutes are to be strictly construed). However, as noted supra, s. 553.73 in setting forth the State Minimum Building Codes to be adopted pursuant to that section, includes the Standard Building Code, excluding those provisions of said code relating to fire prevention. Accordingly, a municipality which adopts the Standard Building Code pursuant to s. 553.73 adopts such code without the standards of the code relating to fire prevention. While a municipality may adopt those standards of the Standard Building Code relating to fire prevention, such standards are adopted pursuant to its police powers and not pursuant to s.553.73 and thus the provisions of subsection (8) of s. 553.73
stating that the fire safety standards enumerated in the State Minimum Building Codes "adopted pursuant to [s. 553.73] shall not be superseded or supplemented" except as provided therein would not be applicable. In such instance, it appears that the rules of the State Fire Marshal, including the Life Safety Code, apply as minimum fire safety standards to all occupancies, except for those which the Legislature has designated as subject to uniform fire safety standards. Rule 4A-3.002(4), F.A.C., supra. My review of the legislative history of s. 33, ch. 86-191, Laws of Florida, failed to reveal any clear evidence sufficient to override the plain language of the act. Accordingly, with regard to those buildings, structures and other entities not designated by the Legislature as subject to uniform fire safety standards, I continue to be of the opinion that to the extent a municipality, having adopted the Standard Building Code, may have enacted more stringent standards under its police power pertaining to fire protection than those contained in the Life Safety Code, the more stringent standards should prevail.
Sincerely,
Jim Smith Attorney General
Prepared by:
John Rosner Assistant Attorney General