The Honorable R.C. Winstead, Jr. Clerk of the Circuit and County Court Brevard County 400 South Street Post Office Box H Titusville, Florida 32780-0115
Dear Mr. Winstead:
This is in response to your request for an opinion on substantially the following questions:
 1. SHOULD DISTRIBUTIONS FROM THE LOCAL GOVERNMENT CRIMINAL JUSTICE TRUST FUND PURSUANT TO s. 27.3455(2)(a), F.S., BE MADE ONLY TO COUNTIES?
 2. MAY THE LOCAL GOVERNMENT CRIMINAL JUSTICE TRUST FUND BE USED FOR COMMUNICATION SERVICES EXPENSES OF THE STATE ATTORNEY AND PUBLIC DEFENDER?
 3. WHAT EXPENSES ARE PROPERLY CLASSIFIED AS "COMMUNICATION SERVICES" PURSUANT TO s. 27.34(2), F.S.?
You have also asked how county responsibility for certain expenses and costs will be affected if s. 27.3455, F.S., is not reenacted prior to its repeal effective October 1, 1988. However, s. 27.3455 is currently in effect, and any comments by this office as to the effect of its repeal on county responsibility for certain expenses and costs would be speculative in nature, dependent on the occurrence or nonoccurrence of legislative action at some future date, and thus inappropriate for consideration herein.
QUESTION ONE
Section 27.3455, F.S., imposes on persons pleading guilty or nolo contendere to, or found guilty of, any felony, misdemeanor, or criminal traffic offense under state law or the violation of certain municipal or county ordinances an additional cost in the case to be collected by the clerk of the court and, except for $3 in misdemeanor or criminal traffic cases and $5 in felony cases, forwarded to the State Treasurer for deposit in the Local Government Criminal Justice Trust Fund, which fund is to be administered by the Governor following consultation with chairpersons for the appropriations committees of the Senate and House of Representatives. Section 27.3455(2)(a), F.S., provides in pertinent part that funds in the Local Government Criminal Justice Trust Fund shall be distributed "to the governmental unit which provides to the state attorney and public defender the services outlined in s. 27.34(2) and s. 27.54(3), except that such funds may not be used to pay for office space, utilities, or custodial services." (e.s.)
Section 27.3455, F.S., was created by s. 2 of Ch. 85-213, Laws of Florida. Sections 1 and 4 of Ch. 85-213, supra, added the second sentences of present ss. 27.34(2) and 27.54(3), F.S., respectively, to direct that the offices of the state attorneys and public defenders "shall also be provided with" certain pretrial consultation fees, travel expenses, court reporter costs, deposition costs, and costs for copying of certain depositions. Compare, AGO 84-94 (no statutory authority for payment of cost items subsequently enumerated in ss. 1 and 4 of Ch. 85-213) with AGO 86-85 (counties obligated to pay costs enumerated in second sentences of ss. 27.34[2] and 27.54[3] except to extent that state funds appropriated to and expended by state attorneys and public defenders are used to pay such costs, subject to presentation of certificate of clerk or judge or certified copy of judgment of court as to such costs in certain cases). My examination of the legislative history of Ch. 85-213 indicates that the Legislature intended that the enactment of s. 2 thereof, creating s. 27.3455, would provide a source of revenue with which to pay the cost items being authorized under ss. 1 and 4. However, it further appears that counties are not the only "governmental units" providing services enumerated in ss. 27.34(2) and 27.54(3) to the offices of the state attorneys and public defenders, notwithstanding the provisions of those sections.
While ss. 27.34(2) and 27.54(3), F.S., expressly refer to services to be provided by the counties and to costs which "shall also be provided," it is clear that state attorneys and public defenders have statutory authority for the expenditure of state funds for such services and costs. See, s. 11, Ch. 86-168, Laws of Florida, providing in pertinent part as follows:
 The provisions of s. 27.34 or s. 27.54, Florida Statutes, to the contrary notwithstanding: (1) State attorneys and public defenders may expend state funds appropriated for the 1986-1987 fiscal year for items enumerated in s. 27.34 or s. 27.54, Florida Statutes, respectively, which would otherwise be payable by the respective counties, provided that the total state expenditures for such items for each office do not exceed the total amount spent by each office during the 1985-1986 fiscal year for such items.
See also, s. 12, Ch. 85-120, Laws of Florida; s. 8, Ch. 84-361, Laws of Florida; and s. 11, Ch. 83-347, Laws of Florida (substantially identical language with respect to prior fiscal years). Thus, it appears that the items enumerated in ss. 27.34(2) and 27.54(3) which would otherwise be payable by the respective counties may in fact be funded by the counties or by the state pursuant to appropriations to and expenditures by the several offices of the state attorneys and public defenders for such items.
Therefore, to the extent that s. 11, Ch. 86-168, Laws of Florida, operates to authorize the state attorneys and public defenders to expend state funds appropriated to their offices by the Legislature for the services and cost items enumerated in ss.27.34(2) and 27.54(3), F.S., "[t]he provisions of [those sections] to the contrary notwithstanding," and in view of the evident legislative intent in enacting s. 2, Ch. 85-213, Laws of Florida, creating s. 27.3455, F.S., to provide a source of revenue to be distributed to the "governmental unit" which provides such services and costs, I am of the view that counties are not the only "governmental units" which may receive distributions from the Local Government Criminal Justice Trust Fund pursuant to s. 27.3455(2)(a), F.S.
It is apparent from your inquiry and other information furnished to this office that the central issue implicit in your first question is whether s. 27.3455(2)(a), F.S., permits the distribution of funds from the Local Government Criminal Justice Trust Fund directly to the individual offices of the several state attorneys and public defenders as "governmental units." However, a resolution of this issue would require this office to comment upon the official duties of the state attorneys and public defenders, as well as upon the official duties of the Office of the Comptroller, which audits distributions of funds from the trust fund. It does not appear that the official duties of the Clerk of the Circuit Court as auditor, recorder and custodian of all county funds pursuant to s. 1(d), Art. VIII, State Const., or as county budget officer pursuant to s. 129.025, F.S., are related to or implicated in this separate issue concerning entitlement to distributions from the Local Government Criminal Justice Trust Fund as between the state and the offices of the state attorneys and public defenders. In this connection, I would note that the Office of the Comptroller has taken the position that distributions from the fund should not be made directly to the offices of the state attorneys and the public defenders, nor does it appear that there is any definitive evidence of legislative intent appearing in the history of the enactment of Ch. 85-213, Laws of Florida, creating s. 27.3455, F.S., which supports a contrary position. To the extent that this separate issue is not completely free from doubt, I can only reiterate comments made by the Comptroller's office in correspondence of May 20, 1986, to Mr. Douglas E. Martin, Comptroller for the Brevard County Board of County Commissioners, suggesting that "[t]he best way to finally resolve the issue [as to authority for direct distribution to the state attorneys and public defenders] would be to appoint a working group to prepare recommended legislation for the 1987 session which clearly establishes obligations of the counties versus the State appropriations to the respective State Attorneys and Public Defenders."
QUESTION TWO
Section 27.34(2), F.S., specifically and clearly provides that "such office space, utilities, telephone service, custodial services, library services, transportation services, and communication services as may be necessary for the proper and efficient functioning of [the] offices" (e.s.) of the several state attorneys shall be provided by the counties within their judicial circuits. Section 27.3455(2)(a), F.S., provides in pertinent part that "[f]unds shall be distributed quarterly [from the Local Government Criminal Justice Trust Fund] to the governmental unit which provides to the state attorney . . . the services outlined in s. 27.34(2) . . . except that such funds may not be used to pay for office space, utilities, or custodial services." Provision of communication services is not among those services outlined in s. 27.34(2) which are specifically excluded from services for which funds from the Local Government Criminal Justice Trust Fund may be utilized pursuant to s. 27.3455(2)(a). See, Biddle v. State Beverage Department, 187 So.2d 65 (4 D.C.A. Fla., 1966); State Road Department v. Levato, 192 So.2d 35 (4 D.C.A. Fla., 1966), cert. discharged, 199 So.2d 714 (Fla. 1967) (express exceptions in statute create inference that no other exceptions were intended). Accordingly, I am of the view that the Local Government Criminal Justice Trust Fund may be used for such communication services expenses of the several state attorneys as may be necessary for the proper and efficient functioning of their offices.
However, I find no similar statutory authority or duty on the part of the counties with respect to provision of communication services to the offices of the several public defenders. See, s.27.54(3), F.S., providing in pertinent part that "[t]he public defenders shall be provided by the counties within their judicial circuits with such office space, utilities, telephone services, and custodial services as may be necessary for the proper and efficient functioning of these offices." Compare, s. 27.34(2), F.S., specifically imposing on the counties the authority and duty to provide these services as well as such "library services, transportation services, and communication services as may be necessary for the proper and efficient functioning of these offices." Thus, since s. 27.3455(2)(a), F.S., authorizes distributions from the Local Government Criminal Justice Trust Fund to the governmental unit providing the state attorney and public defender the services outlined in ss. 27.34(2) and27.54(3), and since s. 27.54(3) makes no provision for furnishing of communication services to the public defender, I am unable to conclude that the Local Government Criminal Justice Trust Fund may be used for communication services expenses of the public defender.
QUESTION THREE
No provision of Ch. 27, F.S., defines "communication services." Where a statute does not specifically define words of common usage, such words must be given their plain and ordinary meaning. Southeastern Fisheries Association, Inc. v. Department of Natural Resources, 453 So.2d 1351 (Fla. 1984); Milazzo v. State,377 So.2d 1161 (Fla. 1979). "Communication" is defined as "[i]nformation given; the sharing of knowledge by one with another." Black's Law Dictionary 253 (5th ed. 1979). "Communications" is specifically defined as "means of communicating: . . .: a system (as of telephones or telegraphs) for communicating information and orders. . . ." Webster's Third New International Dictionary 460 (1981). Thus, it would appear that the statutory direction to the counties in s. 27.34(2), F.S., to provide the offices of the state attorneys with such "communication services as may be necessary for the proper and efficient functioning of these offices" has reference to such services and systems as may facilitate the giving of information and sharing of knowledge among employees of the offices of the state attorneys and between any particular state attorney's office and other offices and would further include and contemplate means and systems for facilitating such communication. Cf., s. 282.101, F.S., providing that references in certain provisions of Ch. 282, F.S., to "communications" or "communications system" means "any transmission, emission, and reception of signs, signals, writings, images, and sounds of intelligence of any nature by wire, radio, optical, or other electromagnetic systems and includes all facilities and equipment owned, leased, or used by all agencies and political subdivisions of state government."
This office has concluded previously that the services referred to in ss. 27.34(2) and 27.54(3), F.S., to be provided to the offices of the state attorneys and public defenders by the counties are those centralized county services provided in common to all county offices and not such operational expenses as to which counties are otherwise prohibited from contributing pursuant to ss. 27.34(1) and 27.54(2), F.S. See, e.g., AGO's 73-329 and 73-458. However, such opinions were based in part on proviso language in prior General Appropriations Acts which is no longer included in such act. Moreover, as noted in AGO 76-71, there has been a contrary judicial determination with respect to the provision in s.27.54(3), F.S., requiring counties to furnish "telephone services" to the public defenders. See, Schwarz v. Glucker, No. 73-607-CA (Fla. 19th Cir. 1974), holding that such telephone services "shall include all costs of telephone service, installation, monthly charges and long distance telephone calls." Such enumeration specifically included items which this office had stated in prior opinions to be operational expenses and thus not covered under s.27.54(3). Accordingly, I am unable to conclude that "communication services" as used in s. 27.34(2) is limited to such centralized services as may be provided in common to all county offices. See also, Dickinson v. Davis, 224 So.2d 262 (Fla. 1969); Delaney v. State, 190 So.2d 578 (Fla. 1966), appeal dismissed, 387 U.S. 426
(1967) (presumption of legislative knowledge of court construction when reenacting statute).
You inquire specifically as to whether computer terminals are properly included under "communication services" for purposes of s. 27.34(2), F.S., which directs the provision of certain "services" to the offices of the state attorneys by the several counties. However, s. 27.33(1), F.S., appears to contemplate the provision of the operational expenses therein enumerated by state appropriations. Among the specific operational expense items enumerated therein is "[o]ffice equipment." (e.s.) See, s. 27.33(1)(f), F.S. Computer terminals, as distinguished from facilities and services to permit the efficient use of such terminals, would appear to be "office equipment" and therefore would not be included among those "services" which the counties are directed to provide to the offices of the state attorneys. See generally, Webster's Third New International Dictionary 768 (1981) ("equipment" defined as physical resources serving to equip or supply a person or thing).
In sum, then, and unless and until legislatively or judicially determined otherwise, I am of the view that:
 (1) Counties are not the only "governmental units" which may receive distributions from the Local Government Criminal Justice Trust Fund pursuant to s. 27.3455(2)(a), F.S.
 (2) The Local Government Criminal Justice Trust Fund may be used for such communication services expenses of the several state attorneys as may be necessary for the proper and efficient functioning of their offices but may not be used for communication services expenses of the public defenders.
 (3) Expenses are properly classified as "communication services" pursuant to s. 27.34(2), F.S., where such expenses are for services and systems to facilitate the giving of information and sharing of knowledge among employees of the offices of the state attorneys and between any particular state attorney's office and other offices and would further include expenses for means and systems for facilitating such communication but would not include office equipment as distinguished from services and systems to permit the efficient use of such equipment.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General