Mr. Daniel S. McIntyre County Attorney St. Lucie County 2300 Virginia Avenue Fort Pierce, Florida 33482-5652
Dear Mr. McIntyre:
This is in response to your request for an opinion of this office on substantially the following question:
 MAY A MEMBER OF A BOARD OF COUNTY COMMISSIONERS WHO IS PRESENT AT A MEETING OF THE BOARD ABSTAIN FROM VOTING ON A MEASURE TO AVOID CREATING AN APPEARANCE OF IMPROPRIETY?
You state in your inquiry that the measure would not inure to the member's special private gain or inure to the special private gain of any principal by whom he is retained. Accordingly, your question does not involve a prohibition on voting. See, s.112.3143(3), F.S. (1986 Supp.) ("[n]o county . . . officer shall vote in his official capacity upon any measure which inures to his special private gain or shall knowingly vote in his official capacity upon any measure which inures to the special gain of any principal . . . by whom he is retained"), and s. 112.3143(2)(a), F.S. (1986 Supp.) ("[e]xcept as provided in subsection [3], no public officer is prohibited from voting in his official capacity on any matter"); AGO's 85-40 and 86-61 (s. 112.3143[3] creates a voting disqualification when its terms apply). Rather, your inquiry is specifically directed at s. 286.012, F.S., which provides as follows:
 No member of any state, county, or municipal governmental board, commission, or agency who is present at any meeting of any such body at which an official decision, ruling, or other official act is to be taken or adopted may abstain from voting in regard to any such decision, ruling, or act; and a vote shall be recorded or counted for each such member present, except when, with respect to any such member, there is, or appears to be, a possible conflict of interest under the provisions of s. 112.311, s. 112.313, or s. 112.3143. In such cases, said member shall comply with the disclosure requirements of s. 112.3143. (e.s.)
See, s. 112.3143(3), F.S. (1986 Supp.), providing in pertinent part that a county officer shall, prior to the vote being taken, publicly state to the assembly the nature of his interest in the matter from which he is abstaining from voting and, within 15 days of the vote, disclose the nature of his interest as a public record in a memorandum filed with the person responsible for recording the minutes of the meeting, who shall incorporate the memorandum in the minutes. See also, s. 112.3143(4), F.S. (1986 Supp.) (number and nature of such memoranda shall be considered whenever public officer or former officer is being considered for appointment or reappointment to public office).
Thus, s. 286.012, F.S., operates to permit a member of a board of county commissioners to abstain only "when, with respect to any such member, there is, or appears to be, a possible conflict of interest under the provisions of" s. 112.311, F.S., or under ss.112.313 or 112.3143, F.S. (1986 Supp.). (e.s.) See, Biddle v. State Beverage Department, 187 So.2d 65 (4 D.C.A.Fla., 1966); and State Road Department v. Levato, 192 So.2d 35 (4 D.C.A.Fla., 1966), cert. discharged, 199 So.2d 714 (Fla. 1967) (express exceptions in statute provide strong inference that no other exception were intended). The phrase "conflict of interest" as used in s. 112.311, F.S., and ss. 112.313 and 112.3143, F.S. (1986 Supp.), means "a situation in which regard for a private interest tends to lead to disregard of a public duty or interest." Section112.312(6), F.S. Any question as to what constitutes a "conflict of interest" under this statutory definition must be submitted to the Florida Commission on Ethics. See, s. 112.322(3), F.S.; AGO's 85-40 and 86-61. However, your attention is directed to Op.Comm.Ethics, 79-14, March 22, 1979, stating in pertinent part as follows:
 The Attorney General has rendered numerous opinions interpreting [s. 286.012]. . . .
 Thus, it appears that under the Attorney General's interpretation of s. 286.012 and the provisions of the Code of Ethics referenced in that section, a public official was required to have a personal financial interest in a matter in order to abstain from voting on that matter.
That opinion continued by noting that, pursuant to then existent statutory language, "a public officer may vote upon any matter, so long as he files a memorandum of voting conflict when required. . . . [But see, Ch. 84-357, Laws of Florida, enacting the prohibitory language now codified at s. 112.3143(3), F.S. (1986 Supp.), discussed supra.] He may also abstain as provided by s. 286.012, F.S." The opinion thus concluded "that a public officer may abstain only if there is, or appears to be, a possible conflict of interest under s. 112.311, s. 112.313, or s. 112.3143, F.S." Finding no conflict of interest based on bias or prejudice of a city council member in the particular fact situation presented, the opinion states in pertinent part that "it is clear that, when adopting the Code of Ethics [containing, inter alia, s. 112.311, F.S., and ss. 112.313 and 112.3143, F.S. (1986 Supp.)], the Legislature was concerned primarily with the effect of a public official's economic interests and relationships upon the performance of his public duties. . . ." (e.s.) See also, Izaak Walton League of America v. Monroe County, 448 So.2d 1170 (3 D.C.A.Fla., 1984) (s. 286.012 did not permit disqualification from voting of a county commissioner on the ground of predisposition amounting to bias and prejudice, citing to Op.Comm.Ethics, 79-14, supra).
Accordingly, s. 286.012, F.S., operates to permit a member of a board of county commissioners to abstain from voting when there is, or appears to be, a possible conflict of interest under the provisions of s. 112.311, F.S., or under ss. 112.313 or 112.3143, F.S. (1986 Supp.), subject to the requirement that such abstaining member shall, prior to the vote being taken, publicly state to the assembly the nature of his interest in the matter and, within 15 days of the vote, disclose the nature of his interest as a public record in a memorandum filed with the person responsible for recording the minutes of the meeting to be incorporated in the minutes. I am therefore of the view that a member of a board of county commissioners who is present at a meeting of the board may abstain from voting on a measure to avoid creating an appearance of impropriety only where such impropriety amounts to a conflict of interest pursuant to the foregoing provisions of Part III, Ch.112, F.S., as amended, and where the required oral and written disclosure is made.
Therefore, unless and until legislatively or judicially determined otherwise, and where the prohibitory terms of s. 112.3143(3), F.S. (1986 Supp.), do not apply, it is my opinion that a member of a board of county commissioners who is present at a meeting of the board may abstain from voting on a measure to avoid creating an appearance of impropriety only where such impropriety amounts to a conflict of interest pursuant to s. 112.311, F.S., or ss. 112.313
or 112.3143, F.S. (1986 Supp.), subject to the requirement of s.112.3143(3), F.S. (1986 Supp.), that such member shall, prior to the vote being taken, publicly state the nature of his interest and, within 15 days of the vote, disclose the nature of his interest as a public record in a memorandum to be filed for incorporation in the minutes of the meeting. Any question as to the existence of a conflict of interest in any particular factual situation must be submitted to the Florida Commission on Ethics.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General