Mr. Gary M. Brandenburg County Attorney Palm Beach County Post Office Box 1989 West Palm Beach, Florida 33402-1989 Attention: Mr. Richard A. Graddock Assistant County Attorney
Dear Mr. Brandenburg:
This is in response to your request for an Attorney General's Opinion regarding substantially the following question:
 IS THE PALM BEACH COUNTY FIRE-RESCUE DEPARTMENT AUTHORIZED TO RELEASE RECORDS OF EMERGENCY CALLS CONTAINING PATIENT INFORMATION TO THE PALM BEACH COUNTY SHERIFF'S OFFICE IN THE ABSENCE OF A SUBPOENA COMPELLING THE PRODUCTION OF SUCH INFORMATION PURSUANT TO s. 401.30(3)(d), F.S.?
According to your letter the Palm Beach County Sheriff's Office has requested that the Palm Beach County Fire-Rescue Department furnish emergency medical records in a confirmed or suspected case of child abuse. You indicate that there appears to be some inconsistency or conflict between the provisions of s. 401.30, F.S., regarding records maintained by emergency medical services licensees and ss. 415.502-415.514, F.S., which relate to comprehensive protective services for abused or neglected children.
It is the general policy of this state, as expressed in the Public Records Law, Ch. 119, F.S., that all state, county, and municipal records shall be open for inspection by any person. See, s.119.01(1), F.S. Section 119.07(1)(a), F.S., requires the custodian of a public record (defined in s. 119.011[1] to include all documents or other material made or received pursuant to law or in connection with the transaction of official business) to permit the record to be inspected and examined by any person who desires to do so, at reasonable times, under reasonable conditions, and under the supervision of the custodian. In addition, this section requires that the custodian furnish a copy or certified copy of the record upon payment of the legally prescribed fee for such copy or upon payment of the actual cost of duplicating the record. And see, s. 119.07(1)(a), F.S., for a definition of the phrase "actual cost of duplication" and subsection (1)(b) for authority for a custodian to impose an additional special service charge for the extensive use of information technology resources or extensive clerical or supervisory assistance by agency personnel.
The Public Records Law sets forth a number of specific exemptions or exceptions from application of the statute in s. 119.07(3), F.S., as amended by s. 2, Ch. 86-11, s. 1, Ch. 86-21 and s. 1, Ch. 86-109, Laws of Florida, and states more broadly that "[a]ll public records which are presently provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, are exempt from the provisions of subsection (1)." Section 119.07(3)(a), F.S. In Wait v. Florida Power Light Company, 372 So.2d 420, 424-425
(Fla. 1979), the Florida Supreme Court directly construed s.119.07(3) (then s. 119.07[2], F.S. 1979), and held that the language "provided by law" contained therein "excludes any judicially created privilege of confidentiality and exempts from public disclosure only those public records that are provided by statutory law to be confidential or which are expressly exempted by general or special law." Thus, records or material made confidential by statute or expressly exempted from public disclosure by general or special law are not affected by the requirements of s. 119.07(1), F.S.
Part III, Ch. 401, F.S., relates to the providing of medical transportation services. The aim of the act is to provide emergency medical transportation and nontransportation services and to make provision for the investigation, examination, licensing, technical assistance and support services for such programs. See, s. 401.211, F.S., as amended by s. 53, Ch. 86-220, Laws of Florida. And see, s. 401.25(1), F.S., as amended by s. 57, Ch. 86-220, Laws of Florida, requiring the licensure of every person, firm, corporation, association, or governmental entity owning or acting as agent for the owner of any business or service which furnishes, operates, engages in, proposes to engage in, or professes to engage in the business or service of providing prehospital advanced life support services or basic life support transportation services on the waterways or streets of this state.
Section 401.30, F.S., relating to records of emergency calls received by emergency medical services licensees, provides that accurate records of such calls shall be maintained on forms containing such information as the Department of Health and Rehabilitative Services shall require. See, s. 401.30(1), F.S., which further provides that such records shall be available for inspection by the department at any reasonable time, and copies thereof shall be furnished to the department upon request. Section401.30(2), F.S., states that reports of service providers covering statistical data are public records. The Department of Health and Rehabilitative Services is charged under this subsection with the duty to protect the privacy of patients when releasing any such information. Pursuant to s. 401.30(3), F.S.:
 Records of emergency calls that contain patient examination or treatment information have a privileged and confidential status and shall not be disclosed without the consent of the person to whom they pertain, but appropriate disclosure may be made without such consent to:
 (a) Hospital personnel for use in conjunction with the treatment of the patient;
(b) The department;
(c) The service medical director; or
 (d) In any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice by the party seeking such records, to the patient or his legal representative.
And see, s. 401.23(11), F.S., defining "department" for purposes of Part III, Ch. 401, F.S., as the Department of Health and Rehabilitative Services.
It is a well-recognized principle of statutory construction that the mention of one thing implies the exclusion of another — expressio unius est exclusio alterius. Thus when a statute enumerates the things upon which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all things not expressly mentioned. See, Thayer v. State, 335 So.2d 815, 817 (Fla. 1976); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Ideal Farms Drainage Dist. v. Certain Lands, 19 So.2d 234 (Fla. 1944). Where a statute sets forth exceptions, no others may be implied to be intended. Dobbs v. Sea Isle Hotel, supra; Biddle v. State Beverage Department, 187 So.2d 65, 67 (4 D.C.A.Fla., 1966); Williams v. American Surety Company of New York, 99 So.2d 877, 880 (2 D.C.A.Fla., 1958). Moreover, a legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way. Alsop v. Pierce, 19 So.2d 799, 805-806
(Fla. 1944); Dobbs v. Sea Isle Hotel, supra; Thayer v. State, supra. Thus the enumeration of those instances for which and persons to whom records of emergency calls containing patient examination or treatment information may be disclosed is exclusive and accordingly, such information may not be otherwise released. Compare, AGO 80-21, which was issued prior to the enactment of s.401.30(3), supra, by s. 11, Ch. 84-317, Laws of Florida, and which concluded that "medical information" or "patient history" gathered and included in a rescue report by an emergency medical team from the municipal fire department was a public record subject to s.119.07(1), F.S. Cf., s. 455.241(2), F.S., which states that a health care practitioner who makes a physical or mental examination of, or administers treatment to, any person shall not furnish records of such examination or treatment to any person other than the patient or his or her legal representative, except upon written authorization of the patient and that "[s]uch records may be furnished in any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice to the patient or his legal representative by the party seeking such records." In short, s. 401.30(3), F.S., provides that records of emergency calls which contain patient examination or treatment information may be released only in certain circumstances and to the persons specified. No exceptions to the statutory scheme may be implied.
As expressed in s. 415.502, F.S., the intent of ss. 415.502-415.514, F.S., is "to provide for comprehensive protective services for abused or neglected children found in the state by requiring that reports of each abused or neglected child be made to the Department of Health and Rehabilitative Services in an effort to prevent further harm to the child or any other children living in the home. . . ." (e.s.) Section 415.504(1), F.S., requires that:
(1) Any person, including, but not limited to, any:
 (a) Physician, osteopath, medical examiner, chiropractor, nurse, or hospital personnel engaged in the admission, examination, care, or treatment of persons;
 (b) Health or mental health professional other than one listed in paragraph (a);
* * *
(f) Law enforcement officer,
 who knows, or has reasonable cause to suspect, that a child is an abused or neglected child shall report such knowledge or suspicion to the department. . . .
Reports of known or suspected child abuse or neglect pursuant to the provisions of s. 415.504, F.S., are to be made immediately to the Department of Health and Rehabilitative Services Abuse Registry on the statewide toll free telephone number or directly to the local office of the department which is responsible for investigating such reports. Section 415.504(2)(a), F.S. Reports which are made by a person in an occupation enumerated in s. 415.504(1), supra, are required to be confirmed in writing to the local office of the department within forty-eight hours of the initial report. Section 415.504(2)(b), F.S. Section 415.505(1)(a), F.S., requires that the department be capable of receiving and investigating reports of known or suspected child abuse or neglect twenty-four hours a day, seven days a week. This subsection also provides that "[i]f requested by a state attorney and/or local law enforcement agency, the department shall furnish all investigative reports to those agencies." (e.s.)
Section 415.51, F.S., provides for the confidentiality of records concerning reports of child abuse or neglect and all records generated as a result of such reports. Subsection (1), thereof provides that:
 In order to protect the rights of the child and his parents or other persons responsible for the child's welfare, all records concerning reports of child abuse or neglect, including reports made to the abuse registry and to local offices of the department and all records generated as a result of such reports, shall be confidential and exempt from the provisions of s. 119.07(1) and shall not be disclosed except as specifically authorized by ss. 415.502-415.514. Such exemption from s. 119.07(1) applies to information in the possession of those entities granted access as set forth in this section.
Access to such records, with the name of the reporter excluded, shall be granted only to those persons specifically designated in s. 415.51(2)(b), F.S., which include "[a] law enforcement agency investigating a report of known or suspected child abuse or neglect." And see, s. 415.51(2)(c), F.S., providing for the release of such records to the state attorney of the judicial circuit in which the child resides or in which the alleged abuse or neglect occurred. Thus, a law enforcement agency which is investigating a report of known or suspected child abuse is authorized to have access to all records concerning reports of child abuse or neglect and all records generated as a result of such reports which would include mandatory reports of suspected child abuse or neglect made by a health professional pursuant to s. 415.504(1)(b), F.S. Cf., AGO 76-21 concluding that the prohibition regarding release of confidential information contained in former s. 827.07(7), F.S. 1975 ("abuse of children") which section was revised, expanded and is now codified in s. 415.51, F.S., was not intended to and did not apply to the release of information to the state attorney or local law enforcement personnel assisting in the investigation of a case of a criminally abused child. As discussed herein, the records of emergency calls received by emergency medical services licensees that contain patient examination or treatment information are privileged and confidential pursuant to s. 401.30(3), F.S., and may not be disclosed except as provided therein. However, pursuant to s. 415.504(1)(b), F.S., health professionals who know or have reasonable cause to suspect that a child is an abused or neglected child are required to report such knowledge or suspicion to the Department of Health and Rehabilitative Services. The department is required by s. 415.504(2)(b) to expeditiously investigate reports made by those persons designated in s. 415.504(1), supra. Local law enforcement agencies may request and shall be furnished such investigative reports made by the department pursuant to s. 415.505(1)(a), F.S. Further, when investigating a report of child abuse or neglect, a law enforcement agency shall have access to all records concerning reports of child abuse or neglect and all records generated as a result of such reports (excluding the name of the reporter) pursuant to s. 415.51(2), F.S. Cf., AGO 76-21, concluding that the findings of the agency investigation made pursuant to s. 827.07(6), F.S. 1975 (now codified, as revised, in s. 415.506, F.S.) or the entire report of the investigation rendered and received by the department may be transmitted to the state attorney, but that the names of the persons reporting abuse should not be furnished to the state attorney, the police, or the courts without the written authorization of the person reporting the abuse.
No opinion is expressed herein as to whether the members of the Palm Beach County Fire-Rescue Department are "health professionals" within the scope of s. 415.504(1)(b), F.S., and are required thereby to report known or suspected child abuse or neglect pursuant to s. 415.504(1). Such a determination would require resolution of a mixed question of law and fact which is the province of the judiciary not the Attorney General's Office.
Therefore, unless and until judicially or legislatively determined otherwise, it is my opinion that records of emergency calls which contain patient examination or treatment information maintained by the Palm Beach County Fire-Rescue Department are privileged and confidential and may not be disclosed to local law enforcement officers or otherwise except as provided in s. 401.30(3), F.S. However, a law enforcement agency which is investigating a report of known or suspected child abuse is authorized to have access to all records concerning reports of child abuse or neglect and all records generated as a result of such reports, including mandatory reports of suspected child abuse or neglect made by a health professional pursuant to s. 415.504(1)(b), F.S., but the name of the reporter of such abuse or neglect must remain confidential absent the consent of the reporter to its release. Moreover, pursuant to s. 415.505(1)(a), F.S., local law enforcement agencies may request and shall be furnished all investigative reports maintained by the Department of Health and Rehabilitative Services.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General