187 So.2d 65 (1966)
M.C. BIDDLE and E. Felker d/b/a Club Aloha, Petitioners,
v.
STATE BEVERAGE DEPARTMENT of Florida et al., Respondents.
No. 555.
District Court of Appeal of Florida. Fourth District.
May 24, 1966.
Rehearing Denied June 21, 1966.
*66 Barry L. Garber, of Garber & Chadroff, Miami, for petitioners.
Thomas A. Testa, Miami, for respondents.
WALDEN, Judge.
M.C. Biddle and E. Felker doing business as Club Aloha petition for writ of certiorari to quash the State Beverage Department order of revocation of the alcoholic beverage license of the petitioners.
A notice to show cause detailing numerous charges was served upon the petitioners. The notice concluded with the name of the director followed by the signature of the regional attorney of the department. The petitioners moved to quash the notice to show cause on the ground that the notice was not issued by nor signed by the director, but it was in fact issued and signed by the regional attorney who had no authority of law to issue such a notice. At the hearing the director denied the motion to quash, heard the evidence and revoked the alcoholic beverage license of the petitioners.
The sole question presented is whether or not the order of revocation must be quashed because of the failure of the director to sign the notice to show cause. Certiorari is issued and the order is quashed.
The statement contained in Crone v. Peeples, Fla.App. 1960, 124 So.2d 876 (concurring opinion), represents a correct exposition of the law to the effect that the power to issue the notice to show cause under F.S.A. § 561.29(3) is limited to the beverage director and cannot be delegated.
It is to be remembered that the state beverage department was created by statute to supervise and administer virtually every phase of the alcoholic beverage industry. The source, limit and extent of its duties and authority are found in F.S.A. Chapters 561 and 562.
When a beverage licensee violates certain laws and regulations the beverage director is given the authority to revoke or suspend the license. The comprehensive and lengthy step-by-step procedure to be followed in such instances is found in F.S.A. § 561.29, entitled "Revocation and suspension of license; power to subpoena; hearing; appeal to courts." It is noticed therein that the beverage director alone is designated as the person to perform certain of the duties and procedural steps. As to certain other duties and procedural steps the beverage director "or any assistant designated by him" *67 is denominated and empowered to act. The language in either event is unequivocal.
The part of the statute under direct consideration is found in F.S.A. § 561.29(3) which provides: "Before the director shall revoke or suspend the license of any licensee, he shall give such licensee a written statement of such cause for revocation or suspension of license * * *." Can by some legerdemain words such as "or any assistant designated by him" be inserted in this portion of the statute as a matter of judicial statutory construction to the end that equally either the director or some employee in the department may give the licensee a written statement of the cause for the revocation or suspension? However the clear and unambiguous terms of the statute be tortured there is no way to accomplish this result even though it might very well be convenient and helpful in the operation of the beverage department.
The way to such judicial amendment of statute is barred by certain fundamental principles. To begin with, where as here the language of the statute is plain, unambiguous, and conveys a clear and definite meaning, there is simply no occasion for construction or necessity for interpretation. It, therefore, must be given effect according to its plain and obvious meaning. 30 Fla.Jur. Statutes § 74; 82 C.J.S. Statutes § 322(b) (2).
Even assuming statutory construction is in order, a fatal stumbling block is found in the rule expressed in Latin as "Expressio unius est exclusio alterius"  the mention of one thing implies the exclusion of another. 30 Fla.Jur. Statutes § 84; 82 C.J.S. Statutes § 333. Thus, in the statute under consideration the legislature made exception in certain instances so as to permit the beverage director to delegate a duty to "any assistant designated by him." In the portion under particular review, however, the legislature omitted the exception. Had the legislature intended the exception to apply to permit an assistant designated by the director to give the licensee the statutory written statement of the cause for revocation or suspension, it would have done so clearly and unequivocally. It is assumed as a matter of law, therefore, that the legislature intended to omit such exception. Dobbs v. Sea Isle Hotel, Fla. 1952, 56 So.2d 341; Bergh v. Stephens, Fla.App. 1965, 175 So.2d 787.
More precisely, express exceptions made in a statute give rise to a strong inference that no other exceptions were intended. Williams v. American Surety Company of New York, Fla.App. 1958, 99 So.2d 877; see Knapczyk v. Ribicoff, 1962, N.D. Ill., 201 F. Supp. 283; C.I.T. Corporation v. Biltmore Garage, 1934, 3 Cal. App.2d Supp. 757, 36 P.2d 247; People ex rel. City of Downey v. Downey County Water District, 1962, 202 Cal. App.2d 786, 21 Cal. Rptr. 370; see also 30 Fla.Jur. Statutes § 129; 82 C.J.S. Statutes §§ 316, 328.
Writ of certiorari is issued, and the order of the State Beverage Department of revocation of the alcoholic beverage license of the petitioners is quashed.
SMITH, C.J., concurs.
ANDREWS, J., dissents with opinion.
ANDREWS, Judge (dissenting).
I would deny the petition for writ of certiorari. Proceedings for the revocation of a beverage license are administrative and equitable in nature and not criminal. Damar Corporation v. Lee, Fla.App. 1963, 155 So.2d 655. The beverage director is authorized to fix civil penalties for the violation of the beverage law, including the revocation of license. F.S.A. § 561.29(4). In such proceedings, being civil in nature, the execution of the documents necessary to initiate proceedings against the license holder may be delegated where the license holder has actual knowledge of the pending proceedings and is given an opportunity to be heard and has not shown any prejudice of his right to be heard.
*68 The case of Crone v. Peeples, Fla.App. 1960, 124 So.2d 876, is not controlling in that the specific issues presented here were not considered by the court in a concurring opinion to a per curiam decision.