Bill Gunter Insurance Commissioner and Treasurer Tallahassee
QUESTIONS:
1. May fire protection system contractors holding valid certificates of competency install fire protection systems that do not meet the applicable standards of the National Fire Protection Association in facilities where a fire protection system is not required by statute or the State Fire Marshal's rules and regulations?
2. May disciplinary action be taken by the State Fire Marshal against a fire protection system contractor holding a valid certificate of competency who installs a fire protection system that is improperly designed or engineered by a professional engineer, with seal affixed to the plans pursuant to s. 471.025, F. S., or improperly designed or engineered by a registered architect, with seal affixed to the plans pursuant to s. 481.221, F. S.?
SUMMARY:
A fire protection system contractor holding a valid certificate of contractors may install fire protection systems protection systems that do not meet the applicable standards of the National Fire Protection Association in facilities where the installation of a fire protection system is not required by statute or by rules and regulations of the State Fire Marshal. Disciplinary action may not be taken by the State Fire Marshal against a fire protection system contractor holding a valid certificate of competency who installs a fire protection system that is improperly designed or engineered by a professional engineer, with seal affixed to the plans pursuant to s. 471.025, F. S., or improperly designed by a registered architect, with seal affixed to the plans pursuant to s. 481.221, F. S.
AS TO QUESTION 1:
As head of the Department of Insurance, you have been designated by statute as State Fire Marshal. See s. 633.01, F. S., which generally sets forth the powers and duties of the State Fire Marshal. It is well settled within this state that an administrative agency or officer possesses only such powers as have been expressly or by necessary implication granted by statute, and any reasonable doubt as to the existence of a particular power sought to be exercised must be resolved against the exercise thereof. State ex rel. Greenberg v. Florida State board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), cert.dismissed, 300 So.2d 900 (Fla. 1974), and City of Cape Coral v. GAC Utilities, Inc., of Florida, 281 So.2d 493 (Fla. 1973). Cf. AGO's 078-77 and 079-69 (the rules of law enumerated therein, though applied to other officers and factual circumstances, are equally applicable to the State Fire Marshal and the question at hand). Therefore, in order for the State Fire Marshal to exercise any authority, the basis for such authority must be clearly granted by law.
Among the general powers and duties imposed by statute upon the State Fire Marshal is the power to enforce all laws and provisions of ch. 633, F. S., relating to the installation and maintenance of fire alarm systems and fire-extinguishing equipment. Section633.01(3). To this end, the State Fire Marshal is authorized to make and promulgate rules and regulations necessary to effectuate his powers. Section 633.05(3).
Section 633.065, F. S., sets forth the requirements for the installation of fire protective equipment. Among those requirements enumerated therein is that such equipment shall be installed in accordance with the applicable standards of the National Fire Protection Association. The statute also requires that contractors of fire safety and fire protection equipment required by the State Fire Marshal's rules and regulations shall be licensed under s. 633.061, F. S. Section 633.061(1) further provides that, in part, it is unlawful for any organization or individual to engage in the business of installing any fire extinguisher or system in this state unless such organization or individual possesses a valid and subsisting license issued by the State Fire Marshal.
Your inquiry, however, concerns the installation of fire protection systems not required by ch. 633, F. S., or by rules and regulations of the State Fire Marshal. See s. 633.557, which provides that ch. 633 does not apply to owners of property who are building or improving farm outbuildings or one-family or two-family residences on such property which are for the occupancy or use of such owners and are not offered for sale or to owners of property who are building or improving commercial buildings occupied by the owners and their businesses and not for the general public or consumer use.
As hereinabove discussed, the State Fire Marshal can exercise only that authority which is clearly granted by law or which may be necessarily implied from a specific grant of authority. See State v. Board of Dentistry, supra, and City of Cape Coral v. GAC Utilities, supra. I am aware of no provision in ch. 633, F. S., which grants the State Fire Marshal any authority over certified contractors who install fire protective systems not required or governed by ch. 633. In fact, my study of ch. 633 reveals that all fire protection systems mentioned therein are `required' by rules and regulations of the State Fire Marshal. It appears that no power or authority of the State Fire Marshal exists over certified contractors who install nonrequired fire systems because there exists no specific legislative grant of authority on which the State Fire Marshal could base such power or authority.
Therefore, I am of the opinion that, until judicially or legislatively determined otherwise, certified fire protection system contractors may install fire protection systems that do not meet the applicable standards of the National Fire Protection Association in facilities where a fire protection system is not required by statute or the State Fire Marshal's rules and regulations.
AS TO QUESTION 2:
Section 633.547(1), F. S., provides that the State Fire Marshal may investigate the illegal actions of any contractor certified under ch. 633, F. S., and hold hearings pursuant to ch. 120, F. S., therefor. Section 633.547(2) enumerates the acts which constitute cause for disciplinary action. Section 633.547(2)(d) appears to be pertinent in this instance. It states that `[f]ailure in any material respect to comply with the provisions of [ch. 633]' constitutes cause for disciplinary action. See also
s. 633.547(3) regarding the type of disciplinary action which may be taken. Cf. ss. 633.161 and 633.171, which prescribe, respectively, the power of the State Fire Marshal to issue cease and desist orders and the penalty for violations of ch. 633, rules and regulations of the State Fire Marshal, cease and desist orders, or the failure to comply with corrective orders.
Initially, I must note that whether a failure to comply with the provisions of ch. 633, F. S., in any given instance is `material' is a mixed question of law and fact which this office is without the requisite authority to decide.
It is a general principle of statutory construction that the mention of one thing implies the exclusion of another. Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1972), and Biddle v. State Beverage Dept., 187 So.2d 65 (3 D.C.A. Fla., 1966); see also AGO's 079-113 and 079-77. Moreover, when a statute enumerates the things on which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all those not expressly mentioned. Ideal Farms Drainage Dist. v. Certain Lands, 19 So.2d 234 (Fla. 1944), and First National Commerce and Finance Company v. Indiana National Bank,360 So.2d 791 (3 D.C.A. Fla., 1978); see also AGO's 079-66 and 079-30. A contractor's duties under ch. 633, F. S., deal, in part, with installing approved equipment in accordance with applicable procedures. If a contractor fails to comply with any express provisions, then it is clear that his acts would constitute cause for disciplinary action pursuant to s. 633.547(2)(d). For example, the installation of fire protection equipment which is not listed (see s. 2, ch. 80-342, Laws of Florida) by a nationally recognized testing laboratory would be a failure to comply with s. 633.065(2) and would constitute cause for disciplinary action. However, the installation of improperly designed or engineered fire protection systems (as defined by s. 633.021(12)) is not specifically addressed anywhere in ch. 633. Therefore, it is not apparent from ch. 633, and a consideration of its component parts, that the installation of an improperly designed or engineered fire protection system is the failure to comply with an express or necessarily implied provision of ch. 633. Section 633.547 cannot be construed to include the installation of improperly designed or engineered fire protection systems as cause for disciplinary action because such an act is not among those acts expressly enumerated or by necessary implication found present in that section. See Ideal Farms v. Certain Lands, supra, and First National v. Indiana National, supra.
Therefore, I am of the opinion that disciplinary action may not be taken by the State Fire Marshal against a fire protection system contractor holding a valid certificate of competency who installs a fire protection system that is improperly designed or engineered by a professional engineer, with seal affixed to the plans pursuant to s. 471.025, F. S., or improperly designed or engineered by a registered architect, with seal affixed to the plans pursuant to s. 481.221, F. S.
Prepared by: William D. Hall, Jr., Assistant Attorney General