PER CURIAM.
We reverse the final judgment granting a writ of mandamus ordering the Department of Health and Rehabilitative Services to permit The Miami Herald Publishing Company to inspect certain child abuse investigation records.
Section 415.51, Florida Statutes (Supp. 1984), provides in part:
415.51.Confidentiality of reports and records in cases of child abuse or neglect
(1) In order to protect the rights of the child and his parents or other persons responsible for the child’s welfare, all records concerning reports of child abuse or neglect, including reports made to the abuse registry and to local offices of the department and all records generated as a result of such reports, shall be confidential and exempt from the provisions of s. 119.07(1) and shall not be disclosed except as specifically authorized by ss. 415.502-415.514.
HRS contends that the subject records should not be disclosed to The Miami Herald because such disclosure is not “specifically authorized” under section 415.51.The Miami Herald does not argue that such disclosure is “authorized.” Instead, The Miami Herald argues that the language of the statute (i.e., “In order to protect the rights of the child and his parents....”) does not apply to the facts of the instant case. The Miami Herald contends there are no rights to protect when the child is deceased and the parent responsible for the child’s welfare is charged with murder. We cannot agree. Such a conclusion would be contrary to the plain, unambiguous, and express wording of section 415.51.Rules of statutory construction should not be used to create doubt, only to remove it. State v. Egan, 287 So.2d 1, 4 (Fla.1973). Where, as here, the language of a statute is plain, unambiguous, and clearly conveys a definite meaning, there is no need for construction. See Biddle v. State Beverage Department, 187 So.2d 65, 67 (Fla. 4th DCA), cert. dism., 194 So.2d 623 (Fla.1966). Accordingly, section 415.51 should be given its plain and obvious meaning.
It appears that the legislature weighed the right of the public to know “everything” about specific instances of child abuse, against the importance of encouraging people to report such abuse and the chilling effect on reporting abuse that disclosure might engender. Although we are sympathetic to the arguments of The Miami Herald supporting public access, it is up to the legislature in this instance to provide it.
ANSTEAD, HURLEY and BARKETT, JJ., concur.