Wallace M. Graves, Jr., M.D. District Medical Examiner
QUESTION:
1. Does the provision contained in s. 245.16, F.S., which prohibits any person except a recognized Florida medical or dental school from transmitting, conveying or causing to be transmitted or conveyed any human body or parts of a human body outside the state apply to medical examiners?
2. If Question One is answered in the affirmative, does the prohibition in s. 245.16, F.S., extend to bodily fluids or specimens?
SUMMARY:
1. The prohibition expressed in s. 245.16, F.S., is applicable to medical examiners and would restrict such an official from sending a human body or body parts outside the State of Florida. However, these restrictions apply only to thosesituations described in Ch. 245, F.S., i.e., to unclaimed bodies which will be used in the advancement of medical science.
2. Bodily fluids or specimens would appear to be included within the restriction set forth in s. 245.16, F.S.
AS TO QUESTION 1:
The Florida Statutes require a district medical examiner to determine the cause of death of a human being and, to that end, to make or have performed such examinations, investigations, and autopsies as he or she shall find necessary[1] under the following circumstances:
(a) When any person dies in the state:
1. Of criminal violence. 2. By accident. 3. By suicide. 4. Suddenly, when in apparent good health. 5. Unattended by a practicing physician or other recognized practitioner. 6. In any prison or penal institution. 7. In police custody. 8. In any suspicious or unusual circumstance. 9. By criminal abortion. 10. By poison. 11. By disease constituting a threat to public health. 12. By disease, injury, or toxic agent resulting from employment. (b) When a dead body is brought into the state without proper medical certification. (c) When a body is to be cremated, dissected, or buried at sea.[2]
In cases coming under any of these categories, the statute[3]
authorizes the district medical examiner to perform or have performed whatever autopsies or laboratory examinations he or she deems necessary in the public interest.
However, pursuant to s. 245.16, F.S., persons other than recognized Florida medical or dental schools are prohibited from conveying or transmitting certain dead human bodies or parts of bodies outside Florida. The statute provides that:
 Any person who shall sell or buy any body or parts of bodies as described in [Ch. 245, F.S.] or any person except a recognized Florida medicalor dental school who shall transmit or convey or cause to be transmitted or conveyed such body or parts of bodies to any place outside this state shall be guilty of a misdemeanor of the first degree . . . . However, nothing in this chapter shall be construed as prohibiting the Division of Universities from transporting human specimens outside of the state for educational, scientific, or other therapeutic purposes. (e.s.)
Where a statute sets forth exceptions, it is the rule that no others may be implied to be intended.[4] Thus, the exception to the prohibition in this statute which is directed to "recognized Florida medical or dental school[s]" may not be read to extend to other persons or entities.
I would note, however, that the restrictions of the statute are specifically directed to "any body or parts of bodies asdescribed in this chapter[.]" (e.s.) Chapter 245, F.S., relates primarily to the disposition of dead human bodies which are unclaimed and subsequently delivered to the Division of Universities of the Department of Education.[5] Thus, the restriction on transmitting or conveying bodies or body parts outside this state is directed to those unclaimed bodies or other bodies described in Ch. 245, F.S., which will be used in the advancement of medical science.[6]
Therefore, it is my opinion that the prohibition expressed in s. 245.16, F.S., would apply to district medical examiners and would constitute a limitation on the authority of such officers to send dead human bodies or parts thereof which come within the scope of Ch. 245, F.S., outside of this state for examination, investigation, or autopsy.[7]
AS TO QUESTION 2: You also ask whether the restrictions on conveyance or transportation of human bodies or body parts set forth in s. 245.16, F.S., applies to bodily fluids or specimens.
Section 245.16, F.S., merely refers to "any body or parts of bodies as described in this chapter[,]" without specificity. However, within Ch. 245, F.S., reference is made to bodies or remains;[8] cadaveric material;[9] body or bodies or part or parts of any body or bodies;[10] and human specimens.[11] While I cannot determine definitively whether these terms would include bodily fluids or specimens, they would appear to be broad and all encompassing.
Therefore, it is my opinion that bodily fluids or specimens are included within the prohibition on transportation or conveyance contained within s. 245.16, F.S.
[1] Section 406.11(1), F.S., also authorizes the state attorney to request that the district medical examiner perform examinations, investigations, and autopsies under these circumstances.
[2] Section 406.11(1)(a)-(c), F.S.
[3] Section 406.11(2)(a), F.S.
[4] See, e.g., Dobbs v. Sea Isle Hotel,56 So.2d 341, 342 (Fla. 1952); Biddle v. State Beverage Department,187 So.2d 65, 67 (4 D.C.A. Fla., 1966); and Williams v. American Surety Company of New York, 99 So.2d 877, 880 (2 D.C.A. Fla., 1958).
[5] Also included within the scope of Ch. 245, F.S., are the bodies of indigents and the bodies of persons who have specifically willed their bodies to the Division of Universities for the advancement of medical science.
[6] Section 245.16, F.S., was drafted by the Legislature as an integral part of Ch. 245, F.S., which created the Anatomical Board of the State of Florida (now the Division of Universities), to acquire dead human bodies for the promotion of medical science.
[7] In light of your concerns you may wish, in conjunction with the Medical Examiners Commission and other interested parties, to propose or advocate amendatory legislation which would authorize medical examiners to transport human bodies or parts thereof out of this state for examination, investigation, or autopsy purposes.
I would note that the 1991 Legislature considered two bills which would have amended s. 245.16, F.S. The purpose of this amendatory legislation was to provide that nothing contained in the statutory provisions regarding disposition of dead bodies would prohibit a district medical examiner or associate medical examiner from transmitting any body or parts of bodies in furtherance of examination, investigation, or autopsy. Neither of the two bills which would have accomplished this amendment was enacted into law.See, HB 1733 and SB 1510, 1992 regular Legislative Session.
[8] Section 245.09, F.S.
[9] Section 245.12, F.S.
[10] Section 245.15, F.S.
[11] Section 245.16, F.S.