GLICKSTEIN, Chief Judge,
dissenting.
In my opinion, the trial court’s order should be quashed insofar as it permits an in camera inspection of “unfounded” reports and requires the identity of the reporters who have made prior reports of child abuse of the minor victim. The order compels the disclosure of confidential and privileged materials which could be subject to further disclosure should the trial court so order.
Under the plain and unambiguous language of section 415.51, Florida Statutes (1991), a court is not entitled to disclosure of “unfounded” reports or the name of the person reporting child abuse or neglect without the reporter’s consent. See §§ 415.51(2), 415.51(10), Fla.Stat. (1991). Cf. State Department of Health & Rehabilitative Serv. v. Miami Herald Publishing Co., 479 So.2d 158 (Fla. 4th DCA 1985) (plain and obvious meaning of section 415.-51, Florida Statutes prevented disclosure of child abuse records to newspaper).
I believe that under the Supreme Court’s reasoning in Pennsylvania v. Ritchie, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987), state policy in protecting sensitive child abuse information, as set forth in this statute, makes the contents of “unfounded” reports and reporter information privileged and prevents disclosure in this criminal prosecution.