Mr. Tilford C. Creel Executive Director South Florida Water Management District Post Office Box 24680 West Palm Beach, Florida 33416-4680
Dear Mr. Creel:
On behalf of the South Florida Water Management District you have asked for my opinion on substantially the following question:
Is the South Florida Water Management District authorized to pay its employees a lump sum, the amount of which is based on the employee's performance during the previous six months but which represents compensation for future services?
In sum:
The Legislature has recognized that lump sum bonus payments for county and municipal employees serve the public interest and represent a progressive innovation in personnel management. However, in the absence of legislative authority for the adoption of such a plan by special districts, the South Florida Water Management is not authorized to pay its employees such a bonus.
Chapter 373, F.S., provides for the creation and operation of water management districts in this state including the South Florida Water Management District.[1] Section 373.079, F.S., relates to the members of the governing board and provides in pertinent part that:
The governing board of the district is authorized to employ an executive director and such engineers, other professional persons, and other personnel and assistants as it deems necessary and under such terms and conditions as it may determine and to terminate such employment.[2]
The governing board is also authorized to "[c]ontract with public agencies, private corporations, or other persons[.]"[3] Thus, the South Florida Water Management District possesses the authority to develop and enter into employment contracts to the extent that the substantive provisions of such contracts do not violate other statutory or constitutional provisions.
According to your letter and supplemental information, the South Florida Water Management District has utilized a lump sum employee payment program since 1984. The district has adopted an administrative rule which calls for employee performance evaluations at six month intervals. At one evaluation per year, the employee is eligible for a base pay increase depending upon performance. At the other evaluation, six months later, an employee is eligible for a lump sum payment also based on performance, which is not factored into his or her base pay.
The lump sum payment program is apparently structured as follows:
1) the payment is intended as compensation for performance during the six month period immediately following the award of the lump sum payment;
2) the payment is not compensation for past performance but is calculated or based on the merit of the employee's performance during the previous six months;
3) an employee is required to refund to the district the pro-rata portion of the lump sum payment that is not earned in the event of a termination of employment for any reason during the six month period following the payment.
Section 215.425, F.S., provides in pertinent part that "[n]o extra compensation shall be made to any officer, agent, employee, or contractor after the service has been rendered[.]"[4]
Extra compensation generally refers to an additional payment for services performed or compensation over and above that fixed by contract or by law when the services are rendered.[5]
The purpose of this provision is to implement a basic and fundamental principle, included in Florida's Constitution,[6] that public funds may be used only for a public purpose. Thus, retroactive extra compensation, lump sum allowances or other forms of compensation not provided by law or contract are prohibited by s. 215.425, F.S.,[7] in the absence of a statutory exemption or specific authorization for such payments.
I would note that the Legislature recently adopted an innovative lump sum bonus payment plan authorizing both counties and municipalities to adopt extra compensation programs to reward outstanding employees.[8] Chapter 92-90, Laws of Florida, added the following provision, as s. 125.01(1)(bb), F.S. (1992 Supp.), which authorizes a county,
[n]otwithstanding the prohibition against extra compensation set forth in s. 215.425, [to] provide for an extra compensation program, including a lump-sum bonus payment program, to reward outstanding employees whose performance exceeds standards, if the program provides that a bonus payment may not be included in an employee's regular base rate of pay and may not be carried forward in subsequent years.
Thus, the statute authorizes a plan very similar to the one you have maintained since 1984.[9]
With the adoption of these exemptions to s. 215.425, F.S., the Legislature has recognized such employee bonuses as an innovation which serves the public interest. However, while the Legislature has clearly authorized such a payment program for other local governmental entities, no mention is made of special districts such as water management districts. In the absence of a specific provision for the district to adopt such a plan, such an authorization for special districts may not be implied.[10]
You may wish to work with your local legislative representatives to develop amendatory language to s. 215.425, F.S., which would provide the necessary authority for special districts to make such payments.
This office recognizes that the employees of special districts could benefit from the progressive innovation represented by the employee bonus plan which you have presented and further acknowledges the public interest which such a plan serves. However, in the absence of specific legislative authority, it is my opinion that the South Florida Water Management District is not authorized to include a lump sum bonus payment provision in its employment contracts.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, ss. 373.0698 and 373.073(1)(b)4., F.S.
[2] Section 373.079(4)(a), F.S.
[3] Section 373.083(1), F.S.
[4] Section 215.425, F.S., formerly s. 11, Art. XVI, State Const. 1885, was converted to statutory law by s. 10, Art. XII, State Const. 1968.
[5] See, e.g., AGO's 89-53, 75-279. See generally, 67 C.J.S. Officers s. 236.
[6] See, s. 10, Art. VII, State Const. 
[7] See, e.g., AGO's 89-53, 86-53, and 85-57.
[8] See, ss. 125.01(1)(bb) and 166.021(7), F.S. (1992 Supp.).
[9] I am aware that the statutory bonus payment program authorizes such payments for past performance while the program you have developed purports to reward future performance. However, any determination of whether this is, in fact, the case is beyond the scope of authority of this office. A mixed question of law and fact such as this must be resolved judicially.
[10] See, Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Biddle v. State Beverage Department, 187 So.2d 65, 67 (4 D.C.A. Fla., 1966), for the proposition that where a statute sets forth exceptions, no others may be implied to be intended.
Cf., Chaffee v. Miami Transfer Company, Inc., 288 So.2d 209 (Fla. 1974) and AGO 81-10 (this office is without authority to qualify or read into a statute an interpretation or define words in the statute in such manner which would result in a construction that seems more equitable under circumstances presented by a particular factual situation; such construction when the language of a statute is clear would in effect be an act of legislation which is exclusively the prerogative of the Legislature).