Ms. Kimberly J. Tucker General Counsel Department of Health and Rehabilitative Services 2639 North Monroe Street, Suite 200-A Tallahassee, Florida 32399-2949
Dear Ms. Tucker:
You have asked for my opinion on substantially the following question:
Is the Department of Health and Rehabilitative Services authorized to release confidential records within the scope of ss.395.3025,[1] 415.51, and 455.241, F.S., to members of health and human services boards?[2]
In sum:
The Department of Health and Rehabilitative Services is not authorized to release confidential records generated and maintained under ss. 395.3025, 415.51, or 455.241, F.S., to members of health and human services boards.
A health and human services board has been statutorily created in each service district or subdistrict of the Department of Health and Rehabilitative Services.[3] Responsibility and accountability for local human services planning rests with these boards.[4] The responsibilities of the boards are specifically set forth as follows:
1. Establish district goals and objectives consistent with statewide policy parameters. 2. Conduct district needs assessments using methodologies consistent with those established by the secretary . . . . 3. Develop and approve a district service delivery plan that: a. Identifies current resources and services available; b. Identifies unmet needs and gaps in services; c. Establishes service and funding priorities; and d. Recommends new services or deletion of existing services. 4. Provide budget oversight, including development and approval of the district's legislative budget request. 5. Provide policy oversight, including development and approval of the district's policies and procedures. 6. Act as a focal point for community participation in department activities such as: a. Assisting in the integration of all health and social services within the community; b. Assisting in the development of community resources; c. Advocating for community programs and services; d. Receiving and addressing concerns of consumers and others; and e. Advising the district administrator on the administration of service programs throughout the district or subdistrict.[5]
Thus, it appears from a review of their duties and responsibilities, that health and human services boards are primarily administrative entities providing policy and budget oversight and coordinating the various activities and services of the districts. You have asked whether, in fulfilling these responsibilities, a member of a board may be provided access to confidential information maintained by the Department of Health and Rehabilitative Services under several specific statutes.
Section 395.3025(4), F.S. (1992 Supp.), as amended by s. 19, Ch. 93-177, Laws of Florida, ensures the confidentiality of patient and personnel records. Access to these records is specifically authorized for certain purposes. Under the statute, the Department of Health and Rehabilitative Services and its agents are among those who may review such records for the following purposes:
(f) The department or its agent, for the purpose of establishing and maintaining a trauma registry and for the purpose of ensuring that hospitals and trauma centers are in compliance with the standards and rules established pursuant to [certain enumerated sections], and for the purpose of monitoring patient outcome at hospitals and trauma centers which provide trauma care services. (g) The Department of Health and Rehabilitative Services or its agent, for the purpose of investigations of cases of abuse, neglect, or exploitation of children, aged persons, or disabled adults. (h) The State Nursing Home and Long-Term Care Ombudsman Council and the district nursing home and long-term care facility ombudsman councils, with respect to the records of a patient who has been admitted from a nursing home or long-term care facility, when the councils are conducting an investigation involving the patient as authorized under part I of chapter 400, upon presentation of identification as a council member by the person making the request. Disclosure under this paragraph shall only be made after a competent patient or the patient's representative has been advised that disclosure may be made and the patient has not objected. (5) The department may examine patient records of a licensed facility for the purpose of epidemiological investigations, provided that the unauthorized release of information by agents of the department which would identify an individual patient is a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
Thus, the statute provides specific authority for the department and its agents to have access to these records under the circumstances described therein.
It is the rule that when the Legislature sets forth certain exceptions, no others may be implied to be intended.[6] In fact, when the controlling law directs how a thing is to be done, that direction has the effect of prohibiting its being done in any other way.[7] The language in s. 395.3025(4)(f)-(h) and (5), F.S. (1992 Supp.), as amended, authorizes access to patient records for the Department of Health and Rehabilitative Services only under limited circumstances and this authorization acts as a prohibition against the implied access of the department in other situations. Therefore, s. 395.3025, F.S. (1992 Supp.), as amended, does not authorize access by health and human services boards to patient records maintained under that section.
Section 415.51(1)(a), F.S. (1992 Supp.), states that:
In order to protect the rights of the child and his parents or other persons responsible for the child's welfare, all records concerning reports of child abuse or neglect, including reports made to the central abuse registry and tracking system and all records generated as a result of such reports, shall be confidential and exempt from the provisions of s. 119.07(1) and shall not be disclosed except as specifically authorized by ss. 415.502-415.514.[8] Such exemption from s. 119.07(1) applies to information in the possession of those entities granted access as set forth in this section.
The statute goes on to authorize disclosure of such records to a limited group of officials and agencies, including the Department of Health and Rehabilitative Services, as follows:
(2) Access to such records . . . shall depend on the classification of the report, and shall be granted only to the following persons, officials, and agencies. . . . (a) Employees or agents of the department responsible for carrying out child or adult protective investigations, ongoing child or adult protective services, or licensure or approval of adoptive homes, foster homes, or other homes used to provide for the care and welfare of children.
* * *
(g) Any appropriate official of the department responsible for: 1. Administration or supervision of the department's program for the prevention, investigation, or treatment of child abuse or neglect when carrying out his official function; or 2. Taking appropriate administrative action concerning an employee of the department alleged to have perpetrated institutional child abuse or neglect.
* * *
(l) Any appropriate official of the human rights advocacy committee investigating a report of known or suspected child abuse or neglect . . . or the guardian ad litem for the child as defined in s. 415.503.
Further, s. 415.51(10), F.S. (1992 Supp.), states that:
All records and reports of the child protection team are confidential and exempt from the provisions of ss. 119.07(1) and 455.241, and shall not be disclosed, except, upon request, to the state attorney, law enforcement, the department, and necessary professionals, in furtherance of the treatment or additional evaluative needs of the child or by order of the court. . . .
While this section would appear to authorize the department to request and receive access to such information, the availability of these records is qualified by the requirement that disclosure be "in furtherance of the treatment or additional evaluative needs of the child[.]" I cannot say that access by health and human services boards would accomplish this purpose.
Thus, as with s. 395.3025, F.S. (1992 Supp.), as amended, the Legislature has specifically designated those persons to whom and those circumstances under which reports and records in cases of child abuse or neglect may be released. Nothing in the statute would authorize access to such records by health and human services board members. Therefore, the Department of Health and Rehabilitative Services is not authorized to release records or reports in cases of child abuse subject to s. 415.51, F.S. (1992 Supp.),[9] to health and human services boards or their individual members.[10]
You have also asked about the availability of patient records under s. 455.241, F.S. (1992 Supp.).[11] These are the records of health care practitioners licensed by the Department of Business and Professional Regulation who have made a physical or mental examination of, or administered treatment or dispensed legend drugs to, a patient.[12] That patient's records "may not be furnished to, and the medical condition of a patient may not be discussed with, any person other than the patient or the patient's legal representative or other health care providers involved in the care or treatment of the patient, except upon written authorization of the patient."[13]
Further, the statute provides that:
Except in a medical negligence action when a health care provider is or reasonably expects to be named as a defendant, information disclosed to a health care practitioner by a patient in the course of the care and treatment of such patient is confidential and may be disclosed only to other health care providers involved in the care or treatment of the patient, or if permitted by written authorization from the patient or compelled by subpoena at a deposition, evidentiary hearing, or trial for which proper notice has been given.
Thus, in the absence of patient authorization, patient records created and maintained under s. 455.241, F.S. (1992 Supp.), as amended, may not be released to members of a health and human services board.
In sum, the Department of Health and Rehabilitative Services is not authorized to release confidential information created and maintained pursuant to ss. 395.3025, 415.51, and 455.241, F.S. (1992 Supp.), as amended, to health and human services board members.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] You have specifically referred to s. 395.017, F.S., but this section was transferred to s. 395.3025, F.S. (1992 Supp.), by s. 32, Ch. 92-289, Laws of Florida.
[2] You have also asked whether the department may release records of an individual who is receiving food stamps under 7 C.F.R. Part 272.1(c) to Health and Human Services Board members. I have found no state statute, and you have brought none to my attention, that makes these records confidential or exempt from the Public Records Law. Therefore, I must assume that you are concerned with provisions of federal law making these records confidential. Access to federal records relating to food stamp recipients is regulated under the authority of the U.S. Department of Agriculture and this office has no authority to advise you regarding such records. You may wish to contact the U.S. Department of Agriculture to determine that agency's position on the release of its records.
[3] See, s. 20.19(8), F.S. (1992 Supp.), as amended by s. 1, Ch. 93-200, Laws of Florida.
[4] Section 20.19(8)(k), F.S., id.
[5] Section 20.19(8)(o)1.-6., F.S. (1992 Supp.), as amended by s. 1, Ch. 93-200, Laws of Florida.
[6] See, e.g., Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Biddle v. State Beverage Department, 187 So.2d 65, 67 (4 D.C.A. Fla., 1966).
[7] See, e.g., Thayer v. State, 335 So.2d 815, 817 (Fla. 1976); Alsop v. Pierce, 19 So.2d 799, 805 (Fla. 1944).
[8] Nothing in ss. 415.502-415.514, F.S., specifically authorizes the release of this information to health and human services boards.
[9] Subsection (4) of s. 415.51, F.S. (1992 Supp.), was amended by s. 31, Ch. 93-39, and s. 16, Ch. 93-214, Laws of Florida. However, the terms of this section do not appear to be relevant to this discussion.
[10] And see, Inf. Op. to Mr. John Slye, General Counsel, Department of Health and Rehabilitative Services, dated May 7, 1993, discussing whether HRS is authorized to allow health and human services board members access to confidential records by virtue of their membership on these boards.
[11] Section 23, Ch. 93-129, Laws of Florida, provides that amendments to s. 455.241, F.S., made by Ch. 92-33, Laws of Florida, do not take effect until July 1, 1994.
[12] Section 455.241(1), F.S. (1992 Supp.).
[13] Section 455.241(2), F.S. (1992 Supp.).