Mr. Charles P. Vitunac Indian River County Attorney 1840 25th Street Vero Beach, Florida 32960
Dear Mr. Vitunac:
You ask the following question:
May a general contractor, building contractor, or residential contractor "roof-over" an existing roof or must the installation of such a roof be subcontracted to a licensed roofing contractor?
In sum:
A general contractor, building contractor, or residential contractor must subcontract roofing services unless such general, building or residential contractor holds a state certificate or registration in the roofing trade or is installing wood shingles, wood shakes, or asphalt or fiberglass shingle roofing materials on a new building of his own construction. Therefore a general contractor, building contractor, or residential contractor not holding a state certificate or registration in the roofing trade may not "roofover" an existing roof; such installation must be subcontracted to a licensed roofing contractor.
Your inquiry arises under the following facts. A residential contractor is performing remodeling, repair and improvement services. He is hired by a residential owner to apply a new roof on the owner's home. The owner does not wish to repair the old roof but rather wants the contractor to "roof-over" the existing roof, that is, install a completely new roof structure and system of trusses, supports, and sheeting independent of the existing roof. The question has been raised whether the residential contractor may apply shingle roofing materials to the new roof sheeting surface.
You note that in Attorney General 82-45, this office commented upon the limitations placed on residential contractors with respect to roofing. Section 489.113(3), Florida Statutes 1981, at that time permitted general, residential and building contractors to install shingle roofing materials provided that such contractors did not hold themselves out as "roofing contractors." As you note, however, the statute has been amended.
Based upon the current language of section 489.113, Florida Statutes, the Department of Business and Professional Regulation has advised that a general, building, or residential contractor is not authorized to apply shingles to the new roof sheeting surface. I concur with the department's conclusion.
Section 489.113(3), Florida Statutes, provides in pertinent part:
A contractor shall subcontract all electrical, mechanical, plumbing, roofing, sheet metal, swimming pool, and air-conditioning work, unless such contractor holds a state certificate or registration in the respective trade category, however:
* * *
(b) A general, building, or residential contractor shall not be required to subcontract the installation, or repair made under warranty, of wood shingles, wood shakes, or asphalt or fiberglass shingle roofing materials on a new building of his own construction. (e.s.)
A general contractor is defined to mean "a contractor whose services are unlimited as to the type of work which he may do, except as provided in this part."[1] (e.s.) A building contractor means
a contractor whose services are limited to construction of commercial buildings and single-dwelling or multiple-dwelling residential buildings, which commercial or residential buildings do not exceed three stories in height, and accessory use structures in connection therewith or a contractor whose services are limited to remodeling, repair, or improvement of any size building if the services do not affect the structural members of the building.[2]
A residential contractor is defined for purposes of Chapter 489, Florida Statutes, as "a contractor whose services are limited to construction, remodeling, repair, or improvement of onefamily, two-family, or three-family residences not exceeding two habitable stories above no more than one uninhabitable story and accessory use structures in connection therewith."[3]
Reading the statutes together, it is clear that a general contractor, building contractor or residential contractor must subcontract roofing services unless such general, building or residential contractor holds a state certificate or registration in the roofing trade or is installing wood shingles, wood shakes, or asphalt or fiberglass shingle roofing materials on a new building of his own construction.
Under your factual situation, however, the contractor is installing shingles on a new roof structure built on an existing house. Accordingly, the exception afforded by section489.113(3)(b), Florida Statutes, does not apply. It is a fundamental principle of statutory construction, that a legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way.[4]
Thus, where a statute sets forth exceptions, no others may be implied.[5]
Accordingly, I am of the opinion that a general contractor, building contractor, or residential contractor not holding a state certificate or registration in the roofing trade may not install shingles on a "roof-over" of an existing roof; such installation must be subcontracted to a licensed roofing contractor.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 489.105(3)(a), Fla. Stat.
[2] Section 489.105(3)(b), Fla. Stat.
[3] Section 489.105(3)(c), Fla. Stat.
[4] See, Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944) ("When the Legislature has prescribed the mode, that mode must be observed. When the controlling law directs how a thing shall be done that is, in effect, a prohibition against its being done in any other way"); Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).
[5] Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Biddle v. State Beverage Department, 187 So.2d 65, 67 (Fla. 4th DCA 1966).