Robert Q. Marston, M.D. Chairman, Marine Fisheries Commission 2540 Executive Center Circle West Suite 106 Tallahassee, Florida 32301
Dear Dr. Marston:
You have asked for my opinion on substantially the following questions:
1. Pursuant to section 120.542, Florida Statutes (1996), is the Marine Fisheries Commission authorized to grant or deny petitions for variances or waivers to administrative rules promulgated by that agency?
2. If the answer to Question One is in the affirmative, are the variances or waivers that are granted or denied by the commission subject to review or approval or disapproval by the Governor and Cabinet, sitting as the Board of Trustees of the Internal Improvement Trust Fund?
In sum:
1. The Marine Fisheries Commission is authorized by section120.542, Florida Statutes (1996), to grant or deny variances and waivers to the agency's own administrative rules under specified circumstances.
2. Section 120.542(3), Florida Statutes (1996), requires that the Administration Commission adopt rules of procedure for granting or denying petitions for variances and waivers. However, until such time as these uniform rules of procedure are adopted, the appropriate course would appear to be to submit variances and waivers granted by the Marine Fisheries Commission to the Board of Trustees for final approval.
In Chapter 96-159, Laws of Florida, the Legislature accomplished a comprehensive revision and restructuring of Chapter 120, Florida Statutes, the Administrative Procedure Act.[1] These changes take effect October 1, 1996.[2]
Question One
Section 120.542, Florida Statutes, was created to authorize agencies to grant variances and waivers to the requirements of their administrative rules.[3] The purpose for adoption of this statute is expressed as follows:
Strict application of uniformly applicable rule requirements can lead to unreasonable, unfair, and unintended results in particular instances. The Legislature finds that it is appropriate in such cases to adopt a procedure for agencies to provide relief to persons subject to regulation. Agencies are authorized to grant variances and waivers to requirements of their rules consistent with this section and with rules adopted under the authority of this section. This section does not authorize agencies to grant variances or waivers to statutes. This section is supplemental to, and does not abrogate, the variance and waiver provisions in any other statute.[4]
For purposes of Chapter 120, Florida Statutes, a "[v]ariance" is defined to mean "a decision by an agency to grant a modification to all or part of the literal requirements of an agency rule to a person who is subject to the rule."[5] A "[w]aiver" is "a decision by an agency not to apply all or part of a rule to a person who is subject to the rule."[6]
Pursuant to the statute, variances and waivers must be granted when a person subject to the rule "demonstrates that the purpose of the underlying statute will be or has been achieved by other means by the person and when application of a rule would create a substantial hardship or would violate principles of fairness."[7]
"Substantial hardship," for purposes of the statute, means "a demonstrated economic, technological, legal, or other type of hardship suffered to the person requesting the variance or waiver."[8] According to the statute, "principles of fairness' are violated when the literal application of a rule affects a particular person in a manner significantly different from the way it affects other similarly situated persons who are subject to the rule."[9]
The statute requires agencies to provide information on the remedies available through the variance and waiver procedure when the agency receives inquiries about the possibility of relief from rule requirements.[10] The procedure for requesting a variance or waiver from an agency rule is established and certain standard information that must be included in each such petition is set forth.[11] The statute also establishes the time frame in which these petitions must be considered and decided[12] and requires that each agency maintain a record of the type and disposition of petitions for variances and waivers that it receives.[13] Finally, section 120.542(3), Florida Statutes (1996), provides that the Governor and Cabinet, acting as the Administration Commission, "shall adopt uniform rules of procedures . . . for granting or denying petitions for variances and waivers."
The statutory definition of an "agency" that is subject to the provisions of Chapter 120 includes:
Each state officer and state department, departmental unit described in s. 20.04, commission, regional planning agency, board, multicounty special district with a majority of its governing board comprised of nonelected persons, and authority, including, but not limited to, the Commission on Ethics and the Game and Fresh Water Fish Commission when acting pursuant to statutory authority derived from the Legislature, and those entities described in chapters 163, 298, 373, 380, and 582 and s.186.504, except any legal entity or agency created in whole or in part pursuant to chapter 361, part II, an expressway authority pursuant to chapter 348, or any legal or administrative entity created by an interlocal agreement pursuant to s. 163.01(7), unless any party to such agreement is otherwise an agency as defined in this subsection or an expressway authority pursuant to chapter 348.[14]
The Marine Fisheries Commission does not fall within any of the exceptions specifically mentioned above, and it is a general rule of statutory construction that when a statute sets forth exceptions, no others may be implied to be intended.[15] Thus, from the language of the statute it may not be inferred that the Legislature intended to exempt the Marine Fisheries Commission from the scope of the act.
In support of this conclusion, I note that section 42 of Chapter 96-159, Laws of Florida, creates exceptions and special requirements to the provisions of the Administrative Procedure Act and includes actions by the Marine Fisheries Commission. Among the regulations identified for special consideration are certain hunting and fishing regulations:
Agency action[16] which has the effect of altering established hunting or fishing seasons, or altering established annual harvest limits for saltwater fishing if the procedure for altering such harvest limits is set out by rule of the Marine Fisheries Commission, is not a rule as defined by this chapter, provided such action is adequately noticed in the area affected through publishing in a newspaper of general circulation or through notice by broadcasting by electronic media.[17]
Thus, administrative rules of the Marine Fisheries Commission are clearly considered to be within the scope of the Administrative Procedure Act as revised by Chapter 96-159, Laws of Florida, as they are specifically mentioned and exceptions to the applicability of this chapter are created for certain commission actions.
Therefore, it is my opinion that the Marine Fisheries Commission is authorized by section 120.542, Florida Statutes (1996), to grant variances and waivers to administrative rules promulgated by the commission.
Question Two
You also ask about the procedure that the Marine Fisheries Commission must follow in granting or denying variances or waivers to its rules under section 120.542, Florida Statutes (1996).
Pursuant to section 370.027(1), Florida Statutes, the Marine Fisheries Commission "is delegated full rulemaking authority over marine life . . . subject to final approval by the Governor and Cabinet sitting as the Board of Trustees of the Internal Improvement Trust Fund[.]" In light of the requirement for approval by the Board of Trustees of any commission rule, you have asked whether the board must also approve any variances or waivers granted by the commission.
Section 120.542(3), Florida Statutes (1996), provides that the Administration Commission "shall adopt uniform rules of procedure pursuant to the requirements of s. 120.54(5) establishing procedures for granting or denying petitions for variances and waivers." It would appear that resolution of your question is dependent on the rules promulgated by the Administration Commission.
However, until uniform rules of procedure are available to guide the commission, the appropriate course would appear to be the submission of any variances or waivers granted by the Marine Fisheries Commission to the Board of Trustees of the Internal Improvement Trust Fund for final approval. By following the pattern prescribed by statute for approval of commission rules, the commission would appear to avoid the possibility of a challenge to its authority to grant a variance or waiver.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, Ch. 96-159, Title, Laws of Florida.
[2] Section 44, Ch. 96-159, Laws of Florida.
[3] Section 120.542(1), Fla. Stat. (1996).
[4] Id.
[5] Section 120.52(18), Fla. Stat. (1996).
[6] Section 120.52(19), Fla. Stat. (1996).
[7] Section 120.542(2), Fla. Stat. (1996).
[8] Id.
[9] Supra at n. 7.
[10] Section 120.542(4), Fla. Stat. (1996).
[11] Section 120.542(5), Fla. Stat. (1996).
[12] Section 120.542(6) and (7), Fla. Stat. (1996).
[13] Section 120.542(8), Fla. Stat. (1996).
[14] Section 120.52(1)(b), Fla. Stat. (1996).
[15] See, e.g., Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Biddle v. State Beverage Department, 187 So.2d 65, 67
(Fla. 4th DCA 1966); Williams v. American Surety Company of New York, 99 So.2d 877, 880 (Fla. 2d DCA 1958).
[16] Section 120.52(2), Florida Statutes (1996), defines "[a]gency action" as "the whole or part of a rule or order, or the equivalent, or the denial of a petition to adopt a rule or issue an order. The term also includes any denial of a request made under s. 120.54(7)."
[17] Section 120.81(5), Fla. Stat. (1996).