Mr. John D. Boykin Post Office Box 4626 West Palm Beach, Florida 33402
Dear Mr. Boykin:
You have asked for an opinion on substantially the following question:
Does section 40.013(2)(a), Florida Statutes, preclude a civil traffic infraction hearing officer from qualifying to serve as a juror?
In sum:
Civil traffic infraction hearing officers appointed pursuant the provisions of sections 318.30—318.38, Florida Statutes, are not judges for purposes of section 40.013(2)(a), Florida Statutes, and thus are not disqualified from jury service.
You have advised this office that you are a civil traffic infraction hearing officer appointed pursuant to sections 318.30—318.38, Florida Statutes, and an administrative order of the Fifteenth Judicial Circuit. You ask whether this service disqualifies you from service as a juror.
The Civil Traffic Infraction Hearing Officer Program is administered by the Florida Supreme Court based on the statutory authority contained in sections 318.30—318.38, Florida Statutes. Traffic hearing officers are appointed by the chief judge of a judicial circuit and are then approved by the Chief Justice of the Florida Supreme Court.[1]
Hearing officers are independent contractors and serve in either a full-time or part-time capacity at a maximum hourly rate of pay established by statute.[2] Any county that elects to establish a Civil Traffic Infraction Hearing Officer Program is responsible for providing the funds necessary to operate the program.[3] As lawyers, these hearing officers are subject to The Florida Bar Code of Professional Responsibility but are not subject to the Judicial Code of Ethics.[4]
Pursuant to section 318.32, Florida Statutes,
"Hearing officers shall be empowered to accept pleas from and decide the guilt or innocence of any person, adult or juvenile, charged with any civil traffic infraction and shall be empowered to adjudicate or withhold adjudication of guilt in the same manner as a county court judge under the statutes, rules, and procedures presently existing or as subsequently amended[.]"[5]
However, civil traffic infraction hearing officers have no authority to hold a defendant in contempt of court, to hear cases involving a crash resulting in injury or death, or to hear criminal traffic offense cases.[6] County judges may exercise concurrent jurisdiction with a traffic hearing officer.[7]
Section 40.013(2)(a), Florida Statutes, sets forth those persons who are disqualified from jury service. Among those who may not serve on a jury are judges:
"Neither the Governor, nor Lieutenant Governor, nor any Cabinet officer, nor clerk of court, or judge shall be qualified to be a juror."[8]
Thus, a judge is absolutely disqualified from jury service. The statute does not extend this disqualification to other types of judicial officers such as hearing officers or special masters. It is a general rule of statutory construction that where a statute sets forth exceptions, no others may be implied to be intended.[9]
The right to a trial by jury is a constitutional right[10] and the courts have recognized the importance of jury service:
"Jury service is a duty as well as a privilege of citizenship; it is a duty that cannot be shirked on a plea of inconvenience or decreased earning power."[11]
Any limitations on the privilege of jury service should be read narrowly.
In Attorney General's Opinion 95-43 (1995), this office considered whether a United States Magistrate Judge was disqualified to serve as a juror under the provisions of section 40.013(2)(a), Florida Statutes. Specifically, the request for an opinion related to whether a United States Magistrate Judge was a judge for purposes of the statute. The opinion notes that the term "judge" is not defined for purposes of the statute but that earlier versions of section 40.013, Florida Statutes, disqualified "United States official[s]" for jury service. That language had been removed from the statute, and the opinion concluded that in light of the fact that the Legislature expressly removed the mention of United States officials from the list of those disqualified to serve as jurors, United States Magistrate Judges were not precluded from qualifying to serve as jurors. Thus, the question was resolved not on the issue of whether this officer was a judge but on the fact that the Legislature had limited the application of the statute to state and county judges.
Civil traffic infraction hearing officers are members of The Florida Bar who are appointed by judges to hear and adjudicate certain traffic offenses.[12] They serve at the pleasure of the chief judge of the county and circuit in which they are to hear cases and have no definite term of office.[13] They are not subject to the Judicial Code of Ethics although they have judicial immunity.[14]
While civil traffic infraction hearing officers serve a valuable role in the disposition of traffic infractions in counties throughout Florida, based on a narrow reading of section 40.013(2)(a), Florida Statutes, and a review of the duties and responsibilities of civil traffic infraction hearing officers, I cannot conclude that they are "judges" for purposes of section 40.013(2)(a), Florida Statutes. Thus, it does not appear that they are disqualified to serve as jurors.
In sum, it is my opinion that civil traffic infraction hearing officers appointed pursuant the provisions of sections 318.30- 318.38, Florida Statutes, are not judges for purposes of section 40.013(2)(a), Florida Statutes, such that they would be disqualified from jury service.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, Rule 6.630(c), Fla. R. Traf. Ct.
[2] See, s. 318.35, Fla. Stat., and s. 318.37, Fla. Stat., which caps the hourly rate of pay for civil traffic infraction hearing officers at $50 per hour.
[3] See, s. 318.37, Fla. Stat.
[4] Section 318.36, Fla. Stat.
[5] Section 318.32(1), Fla. Stat.
[6] Section 318.32(1)(a)-(c), Fla. Stat.
[7] Rule 6.630(l), Fla. R. Traf. Ct.
[8] Section 40.013(2)(a), Fla. Stat.
[9] See, e.g., Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Biddle v. State Beverage Department, 187 So.2d 65, 67 (Fla. 4th DCA 1966).
[10] See, Art. I, s. 22, Fla. Const. 
[11] Brouwer v. Metropolitan Dade County, 139 F.2d 817, 819 (C.A. 11th Fla. 1998), citing Thiel v. Southern Pacific Company, 328 U.S. 217,222-224, 66 S.Ct. 984, 987, 90 L.Ed. 1181 (1946).
[12] Sections 318.34 and 318.32, Fla. Stat.
[13] Section 318.35, Fla. Stat.
[14] Section 318.36, Fla. Stat.