Mr. James C. Brady Lauderdale Lakes City Attorney 501 Northeast 8th Street Fort Lauderdale, Florida 33304
Dear Mr. Brady:
You have asked for my opinion on substantially the following question:
Is a city commissioner authorized by section 401.30(4), Florida Statutes, to review the records of emergency calls by the city's fire-rescue department when those records contain patient examination and treatment information?
According to your letter, a constituent has contacted a city commissioner with concerns about the quality of care provided to the constituent in response to a recent request for emergency medical services. The commissioner has requested the records of the emergency medical services agency relating to this call, in order to review the performance of the city's fire-rescue department in this particular response. The request is limited to this individual commissioner and is not the result of an inquiry by the entire city commission. Litigation may ultimately result from this event; however, no litigation is currently threatened or pending.
Part III, Chapter 401, Florida Statutes, is entitled the "Raymond H. Alexander, M.D., Emergency Medical Transportation Services Act."[1]
The act addresses the provision of medical transportation services and provides for the investigation, examination, licensing, technical assistance and support services for such programs.[2]
Section 401.30, Florida Statutes, contains provisions relating to the treatment of records of those entities licensed to act under this part. A "[l]icensee" is defined to mean "any basic life support service, advanced life support service, or air ambulance service licensed pursuant to this part."[3] Pursuant to section 401.30, Florida Statutes, each licensee is required to maintain accurate records of emergency calls on forms that contain information prescribed by the Department of Health. These records must be available to be inspected by agents of the Department of Health at any reasonable time and copies of these records must be furnished to the department as requested.[4] Pursuant to the statute, reports containing statistical data are public records "except that the names of patients and other patient-identifying information contained in such reports are confidential and exempt from the provisions of s. 119.07(1)."[5]
Section 401.30(4), Florida Statutes, makes specific provision for records of emergency calls:
"Records of emergency calls which contain patient examination or treatment information are confidential and exempt from the provisions of s. 119.07(1) and may not be disclosed without the consent of the person to whom they pertain, but appropriate limited disclosure may be made without such consent: (a) To the person's guardian, to the next of kin if the person is deceased, or to a parent if the person is a minor; (b) To hospital personnel for use in conjunction with the treatment of the patient; (c) To the department; (d) To the service medical director; (e) For use in a critical stress debriefing. Any such discussions during a critical incident stress debriefing shall be considered privileged communication under s. 90.503; (f) In any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice by the party seeking such records, to the patient or his or her legal representative; or (g) To a local trauma agency or a regional trauma agency, or a panel or committee assembled by such an agency to assist the agency in performing quality assurance activities in accordance with a plan approved under s. 395.401. Records obtained under this paragraph are confidential and exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution.
This subsection does not prohibit the department or a licensee from providing information to any law enforcement agency or any other regulatory agency responsible for the regulation or supervision of emergency medical services and personnel."
Thus, recognizing the sensitive nature of medical records, the statute authorizes limited access to specified individuals and entities without the patient's consent. However, I would note that the statute clearly provides that records of emergency calls containing patient medical information may be disclosed with the consent of the person to whom they relate.
It is a well-recognized principle of statutory construction that the mention of one thing implies the exclusion of another —expressio unius est exclusio alterius. Thus, when a statute enumerates the things upon which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all things not expressly mentioned.[6] Where a statute sets forth exceptions, no other exceptions may be implied to be intended.[7] Moreover, a legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way.[8] Thus, the enumeration of those instances for which and persons to whom records of emergency calls containing patient examination or treatment information may be disclosed is exclusive. Accordingly, such information may not otherwise be released.[9]
In short, section 401.30(4), Florida Statutes, provides that records of emergency calls that contain patient examination or treatment information may be released only in certain circumstances and to the persons specified. For example, the statute authorizes disclosure to the emergency medical service's supervising medical director, who may or may not be an employee, and to hospital personnel providing treatment to the patient. Thus, this office in Attorney General Opinion 86-97 concluded that records of emergency calls containing patient examination or treatment information maintained by the county fire-rescue department may not be disclosed to local law enforcement officers except as provided in section 401.30(4). In addition, the statute recognizes that regulatory agencies, such as the Department of Health, may be granted access to such records in their regulatory and supervisory capacity.[10] No exceptions to the statutory scheme may be implied.
Therefore, it is my opinion that a city commissioner is not authorized by section 401.30(4), Florida Statutes, to review the records of an emergency call by the city's fire-rescue department when those records contain patient examination and treatment information, except with the consent of the patient.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] Section 401.2101, Fla. Stat.
[2] See s. 401.211, Fla. Stat. And see s. 401.25(1), Fla. Stat., requiring licensure of every person, firm, corporation, association, or governmental entity owning or acting as agent for the owner of any business providing prehospital or interfacility advanced life support services or basic life support transportation services.
[3] Section 401.23(13), Fla. Stat.
[4] Section 401.30(1), Fla. Stat.
[5] Section 401.30(3), Fla. Stat.
[6] See Young v. Progressive Southeastern Insurance Company,753 So.2d 80 (Fla. 2000); Thayer v. State, 335 So.2d 815, 817
(Fla. 1976); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952).
[7] Dobbs v. Sea Isle Hotel, supra; Biddle v. State BeverageDepartment, 187 So.2d 65, 67 (Fla. 4th DCA 1966); Williams v.American Surety Company of New York, 99 So.2d 877, 880 (Fla. 2d DCA 1958).
[8] Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944); Dobbsv. Sea Isle Hotel, supra; Thayer v. State, supra.
[9] Compare, Op Att'y Gen. Fla. 80-21 (1980), which was issued prior to the enactment of s. 401.30(4), supra, by s. 11, Ch. 84-317, Laws of Fla., and which concluded that "medical information" or "patient history" gathered and included in a rescue report by an emergency medical team from the municipal fire department was a public record subject to s. 119.07(1), Fla. Stat. Cf. s. 456.057(5)(a) and (5)(a)3., Fla. Stat., which states that a health care practitioner who makes a physical or mental examination of, or administers treatment to, any person shall not furnish records of such examination or treatment to any person other than the patient, his or her legal representative, or other health care practitioners and providers for the patient except upon written authorization of the patient and that such records may be furnished "[i]n any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice to the patient or the patient's legal representative by the party seeking such records."
[10] Chapter 401, Fla. Stat., contains a procedure for filing complaints against emergency medical services providers and the investigation of those complaints by the state agency charged with oversight of these services, the Department of Health. See
s. 401.24, Fla. Stat., making the Department of Health responsible for the regulation of basic and advanced life support programs. Section 401.414, Fla. Stat., provides that complaints against an emergency medical services provider will be investigated expeditiously by the Department of Health which will issue an investigative report containing investigative findings and recommendations.